STATE of Missouri ex rel. Kenneth
R. JUSTICE, Relator,

v.

Honorable John R. O'MALLEY, Judge
of Jackson County Circuit Court,
Respondent.

No. WD 58591.

Missouri Court of Appeals,
Western District.

Nov. 28, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 30, 2001.

Herbert William McIntosh, Kansas City, for relator.

Anthony F. Rupp, Overland Park, William A. Lynch, Scott W. Martin, Michael J. Mohlman, Maureen A. Mannion, Kansas City, for respondent.

Before Presiding Judge, ULRICH, Judge, SPINDEN, and Judge, LOWENSTEIN.

ULRICH, Presiding Judge.

Relator, Kenneth R. Justice seeks a writ of prohibition against the Honorable John R. O'Malley to prevent the enforcement of his order entitling defendants to "any and all medical records and billing records in Heartland's possession concerning Kenneth R. Justice" for the purpose of discovery. Relator, the plaintiff in a medical malpractice suit, maintains that the court's order is too broad and would allow discovery of information that is privileged and not relevant. This court issued a preliminary writ of prohibition, which is now made absolute.

## FACTS

Mr. Justice's medical malpractice suit was brought in Jackson County Circuit Court against Heartland Health System and Heartland Regional Medical Center ("Heartland") in St. Joseph, Missouri, and Dr. Philip Psaltis and his corporate employer, Physicians Acute Care Services ("P.A.C.S."). Mr. Justice's petition assert-ed medical negligence. He claimed that on the morning of February 2, 1996, he experienced right lower abdominal pain, an elevated white blood count, and an elevated seg rate. He contends that he was diagnosed with prostatitis when he presented to Dr. Psaltis at Heartland Regional Medical Center, given pain medication and sent home with directions to consult a urologist within three to five days. He asserts that he consulted a urologist within three days where he was diagnosed with a ruptured appendix and referred to a surgeon who performed an appendectomy and drainage of an appendiceal abscess that same day. Mr. Justice pleaded in his petition that as a result of the misdiagnosis, he sustained a ruptured appendix and sepsis, which caused severe, permanent and progressive injuries to his heart, lungs and kidneys.

Defendants Dr. Psaltis and P.A.C.S., through counsel, provided Mr. Justice with notice on February 19, 1999, that they would take the deposition of the records custodian of defendant, Heartland Regional Medical Center, on March 1, 1999. The subpoena duces tecum presented to the Records Custodian of Heartland required the production at the deposition of "any and all medical records and billing records in your possession concerning Kenneth R. Justice with respect to any illness or injury, medical history, consultations, prescriptions or treatment including radiological films and copies of all hospital or medical records." Mr. Justice filed his motion to quash the deposition notice and subpoena to the medical records custodian of Heartland on February 22, 1999.

After a hearing on the issue of Plaintiff/Relator Justice's medical records, Respondent, the Honorable John R. O'Malley, issued his order on May 12, 2000, in which he overruled Plaintiff/Relator Justice's motion to quash the deposition notice and subpoena to the medical records custodian of Heartland. The court order stated that, "[t]he Defendants are entitled to 'any and all medical records and billing records

in Heartland's possession concerning Kenneth R. Justice with respect to any illness or injury, medical history, consultations, prescriptions or treatment, including radiological films and copies of all hospital or medical records' from February 2, 1991 until the present." The court's order also provided that, "Defendants Physicians Acute Care Services and Philip E. Psaltis, M.D.'s 'Motion to Release Plaintiff's Medical Records' filed September 28, 1999 is sustained. Plaintiff's [sic] have twenty (20) days from the date of this order to produce Kenneth Justice's medical records from February 2, 1991 until the present."

Plaintiff/Relator Justice filed his petition on May 16, 2000, seeking this court's writ of prohibition to restrain the Respondent, the Honorable John R. O'Malley, from enforcing that portion of his May 12, 2000, order, designated as paragraph (5) on unnamed page 2 of said order, overruling Plaintiff/Relator Justice's "Motion to Quash Deposition Notice and Subpoena to Medical Records Custodian of Heartland Regional Medical Center," and paragraph (7) on unnumbered page 3 of the Respondent's May 12, 2000, order sustaining defendants Physicians Acute Care Services and Philip E. Psaltis, M.D.'s "Motion to Release Plaintiff's Medical Records" requiring Plaintiff/Relator to produce his medical records from February 2, 1991 until May 12, 2000, the date of the order.

This court, on May 17, 2000, entered its Preliminary Writ in Prohibition, and answer to the writ was filed June 2, 2000.

## DISCUSSION

■ The single issue is whether the Respondent's order compelling the production of medical records of Plaintiff/Relator exceeds the limited waiver resulting from the allegations in Plaintiff/Relator's petition to the physician/patient privilege codified in section 491.060(5), RSMo 1994.

■ Prohibition is the proper remedy when a trial court issues an order in discovery proceedings that is an abuse of discretion. *State ex rel. Plank v. Koehr*, 831 S.W.2d 926, 927–28 (Mo. banc 1992). The standard of appellate review on this issue is stated in *State ex rel. Lichtor v. Clark*, 845 S.W.2d 55 (Mo.App. W.D.1992):

> The trial court is allowed broad discretion in the control and management of discovery. It is only for an abuse of discretion amounting to an injustice that the appellate courts will interfere. 'A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the court and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.'

*Id.* at 59 (citations omitted).

■ Medical records are subject to the physician-patient privilege codified under section 491.060(5), RSMo 1994. *State ex rel. Jones v. Syler*, 936 S.W.2d 805, 807 (Mo. banc 1997). "Any information a physician acquires from a patient while attending the patient and which is necessary to enable the physician to provide treatment is privileged." *Id.* Once plaintiffs put the matter of their physical condition in issue under the pleadings, however, they waive the physician-patient privilege insofar as information from doctors or medical and hospital records bears on that issue. *Id.*

The Court in *Syler* reasserted its policy expressed in *State ex rel. Stecher v. Dowd*, 912 S.W.2d 462, 464 (Mo. banc 1995), defining the proper scope of medical authorizations, and thereby, discovery of medical records pertaining to the plaintiff in this case by stating:

> [D]efendants are not entitled to any and all medical records, but *only those medical records that relate to the physical conditions at issue under the pleadings*. It follows that medical authorizations must be tailored to the pleadings, and this can only be achieved on a case-by-case basis.

*Syler*, 936 S.W.2d at 807.

■ Thus, if the plaintiff has alleged an injury, defendant is entitled to "those

medical records that relate to the physical conditions at issue *under the pleadings.*" *Id.* "Unless special circumstances can be shown, the language of defendant's requested authorization should track plaintiff's allegation of injury in the petition. As with other discovery, the narrowness or breadth of the medical authorization required is directly controlled by the narrowness or breadth of the allegations in plaintiff's petition." *Id.*

In *Syler,* the Supreme Court, because of the plaintiff's broad assertions of bodily injury, called plaintiff Jones' petition "limitless." *Id.* The petition alleged that as a result of defendant's negligence plaintiff suffered a fracture of the left wrist and a sprain of the upper chest, and further claimed that she "suffered, suffers, and will suffer severe pain of the body and mind . . . [and] that said injuries and effects are serious and permanent and functions and use of all the aforesaid parts and organs have been seriously and permanently impaired." *Id.* at 808. Plaintiff Jones claimed " 'pain of body and mind' past, present, and future." *Id.*

The Court noted that plaintiff Jones probably overpleaded her injuries in order not to be limited at trial. *Id.* The Court further noted that the defendants proposed an equally overbroad authorization form to make certain that all possible information was obtained, even though much of the information sought would have had no relevance to the case. *Id.* The Court stated that in such a circumstance, "sauce for the goose is sauce for the gander," and that the plaintiff invited defendants' overbroad authorization by the language of her petition. *Id.* Although the Court found in *Syler* that the trial court abused its discretion because it did not limit the defendant's request for medical information as to time and because it did not limit the medical authorization form to specific physicians, it noted that the trial court did not abuse its discretion by permitting such broad discovery because plaintiff's petition was "overbroad." *Id.*

The Supreme Court stated in *State ex rel. McNutt v. Keet,* 432 S.W.2d 597, 602 (Mo. banc 1968) that the trial court has the power to limit production of medical records "to those which reasonably relate to the injuries and aggravations claimed by the plaintiffs in the present suit." Plaintiff's broad allegations of injury, constituting a waiver of the physician/patient privilege enunciated in section 491.060(5), "does not mean that it automatically extends to every doctor or hospital record a party has had from birth regardless of the bearing or lack of bearing, as may be, on the matters in issue." *Id.*

Respondent's order of May 12, 2000, requires disclosure of "any and all medical records and billing records in Heartland's possession concerning Kenneth R. Justice with respect to any illness or injury, medical history, consultations, prescriptions or treatment, including radiological films and copies of all hospital or medical records' from February 2, 1991 until the present." Respondent's order would normally exceed the parameters of permitted discovery, but necessary in that determination is consideration of the allegations contained in plaintiff's petition. Plaintiff/Relator Justice's petition asserts that defendant Psaltis misdiagnosed his appendicitis resulting in plaintiff's appendix rupturing and sepsis which caused severe, permanent and progressive injury to his heart, lungs and kidneys. The question is whether Mr. Justice's petition so broadly asserts injury to his body that defendants are entitled to the broad discovery permitted by paragraphs (5) and (7) of Respondent's May 12, 2000, order.

Respondent's order does not tailor the medical authorizations to the pleadings in that the plaintiff's petition only alleges injury to the heart, lungs and kidneys, and therefore, the order exceeds the permitted parameters of discovery. The order permits discovery of "any and all medical records and billing records . . . concerning [Plaintiff/Relator] with respect to any illness or injury, medical history, . . . and

copies of all hospital or medical records...." Plaintiff/Relator asserts permanent and progressive injury to his heart, lungs, and kidneys caused by Defendant Psaltis' negligence. The Respondent's order permits discovery of records pertaining to "any illness or injury" and any medical history and any other records within the possession of Heartland. The permitted discovery exceeds the parameters of Plaintiff/Relator's pleadings and, therefore, the attendant waiver of the Physician/Patient privilege codified as section 491.060(5).

The preliminary writ of prohibition is made absolute.

SPINDEN, C.J. and LOWENSTEIN, J., concur.