NO. 07-11-00256-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 27, 2012

DONALD DAVIS, APPELLANT/CROSS-APPELLEE

v.

AMERICAN CASUALTY COMPANY OF READING, PA,
APPELLEE/CROSS-APPELLANT

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 97,526-C; HONORABLE ANA ESTEVEZ, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Cross-appellant, American Casualty Co. of Reading, Pa. (ACC), appeals an order from the trial court denying its plea to the jurisdiction. In the same cause, the trial court granted a motion for partial summary judgment in favor of Donald Davis on the issue of the correct amount of temporary insurance benefits (TIB) that he should have received. ACC appeals the granting of the motion for partial summary judgment. The trial court also granted a motion to sever and abate the bad faith case filed by Davis.

Davis filed a notice of appeal from the trial court's granting of the motion to sever and abate his bad faith claims. We reverse and render.

Factual and Procedural Background

Donald Davis was injured while in the course and scope of his employment. Subsequently, Davis filed for benefits pursuant to Title 5 of the Texas Labor Code. See TEX. LAB. CODE ANN. §§ 409 - 419 (West Supp. 2011).[1] The compensability of Davis's injury was never contested by ACC. The contested issue was a reduction of Davis's TIB for the amount of the health insurance premium that his employer continued to pay after the date of the injury. In order to contest the action of ACC characterizing these employer payments as post-injury benefits, a benefits review conference (BRC) was conducted. This resulted in a finding against Davis. Davis then requested a Contested Case Hearing (CCH). The decision of the hearing officer in the CCH was mailed to all parties on January 7, 2009. The hearing officer found against Davis on the TIB issue. Davis is statutorily presumed to have received the hearing officer's decision by January 12, 2009; however, the record reflects that the original mailing to Davis was returned by the Texas Department of Criminal Justice to the Texas Department of Insurance, Division of Workers' Compensation. Subsequently, Davis received the notice, according to his sworn pleadings, on February 24, 2009. Thereafter, Davis filed a petition for review before the Appeals Panel of the Division of Workers' Compensation. The Appeals Panel issued its decision on May 4, 2009. The record reflects that,

---

[1] Further reference to the Texas Labor Code Ann. will be by reference to "section ____" or "§ ____."

2

according to the records of the Division of Workers' Compensation, the Appeals Panel decision was mailed to all parties on that same day.

Davis filed his suit for judicial review on April 28, 2009. This was six days before the Appeals Panel decision was rendered. ACC filed its original plea to the jurisdiction of the trial court on July 17, 2009. The trial court's order denying ACC's original plea to the jurisdiction was filed on July 21, 2009. Davis filed his first amended pleading on July 29, 2009. ACC subsequently filed a motion to reconsider its plea to the jurisdiction on September 30, 2010. The trial court heard this motion to reconsider on March 9, 2011. This plea to the jurisdiction was subsequently overruled by order of the trial court entered on March 10, 2011. ACC is appealing the denial of the plea to the jurisdiction.

During the period prior to the trial court's ruling on the re-urged plea to the jurisdiction, Davis filed a motion for partial summary judgment on the issue of the TIB reduction for the insurance premiums paid by his employer. Davis's motion for partial summary judgment was considered by the trial court, and an order granting the partial summary judgment on the issue of the TIB deduction for health insurance benefits was entered on March 10, 2011. ACC is appealing the granting of the partial summary judgment.

On April 5, 2011, ACC filed a motion to sever and abate all of Davis's bad faith claims from the workers' compensation case. The trial court granted the motion and entered an order granting the same on June 30, 2011. Davis is appealing the order of severance and abatement.

We will reverse the trial court's order denying the plea to the jurisdiction, and dismiss the workers' compensation portion of the case for the reasons hereafter expressed.

Finality of the Judgment

As reflected in the factual and procedural background section of this opinion, Davis filed suit claiming that the Workers' Compensation Division erred in determining that the employer's portion of the health insurance benefits were properly denoted as post-injury earnings (PIE) and, therefore, deductible from the TIB due Davis. This was the subject of Davis's motion for partial summary judgment. The trial court agreed with Davis and granted the motion for partial summary judgment. Therefore, all issues involving judicial determination of the workers' compensation claim were disposed of. The only other matters pending were the bad faith claims filed by Davis against ACC. These were the claims that were the subject of the motion to sever filed by ACC. The trial court granted the motion to sever and Davis has appealed that decision.

We review a decision to grant a severance under an abuse of discretion standard. See F.F.P. Operating Partners, L.P. v. Duenez, 237 S.W.3d 680, 693 (Tex. 2007). A trial court's ruling is an abuse of discretion when it is made arbitrarily or without regard to guiding legal principles. See Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997). A claim is properly severable if 1) the controversy involves more than one cause of action, 2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and 3) the severed claim is not so interwoven with the

4

remaining action that they involve the same facts and issues. See F.F.P. Operating Partners, L.P., 237 S.W.3d at 693.

After reviewing the facts of Davis's allegations against ACC, we find that the bad faith claims are properly severable. They are different causes of actions that could be asserted independently, and the factual basis for the bad faith claims are not so interwoven with the facts of the workers' compensation case as to require the trial court to maintain the bad faith action in the workers' compensation case. Therefore, the trial court did not abuse its discretion in granting the severance. Davis's issue to the contrary is overruled.

Since the trial court did not err in granting the severance, the judgment of the trial court granting the partial summary judgment is a final decision and appealable because the same disposes of all of the parties and claims that have not been severed. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).

Plea to the Jurisdiction of the Trial Court

ACC presents two different complaints regarding the trial court's rulings on its plea to the jurisdiction. First, ACC contends that Davis failed to exhaust his administrative remedies. Second, ACC contends that Davis failed to file suit in a timely manner.

Standard of Review

Whether a trial court has subject matter jurisdiction is a question of law that we review *de novo.* See Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226

(Tex. 2004). Whether the uncontroverted evidence of jurisdictional facts demonstrates subject matter jurisdiction is a question of law. See id.

Workers' Compensation Cases

The Texas Labor Code provides for a comprehensive process to resolve issues surrounding compensation to employees injured in the course and scope of their employment. See §§ 409 - 419. The process as outlined is, for the most part, an administrative process designed to resolve disputes in four steps. See Tex. Mut. Ins. Co. v. Ruttiger, No. 08-0751, 2011 Tex. LEXIS 600, at *14 (Tex. Aug. 14, 2011). These steps are a BRC, CCH, review by an administrative Appeals Panel, and judicial review. Id. (citing §§ 410.021, 410.104, 410.201, and 410.251).

As applicable to the case before the Court, there are certain deadlines that attend to the various steps in the process of claim determination. The decision by a hearing officer in a CCH is final pending an appeal to the Appeals Panel. § 410.169. To be timely, an appeal of a hearing officer's decision must be filed with the Division's Appeals Panel by the fifteenth day after the day on which the decision was received from the Division. § 410.202(a). If either party is not satisfied with the decision of the Appeals Panel, judicial review of the Appeals Panel decision may be sought if the party filing suit has exhausted its administrative remedies. § 410.251. Any suit seeking

6

judicial determination of the issues decided by the Appeals Panel must be brought within 40 days after the Appeals Panel decision is filed with the Division.[2]  § 410.252.

Failure to Exhaust Administrative Remedies

ACC contends that Davis failed to exhaust his administrative remedies and is, therefore, foreclosed from filing for judicial review.  According to ACC, this is because Davis did not request review by the Division's Appeals Panel in a timely manner.  A request for review by the Appeals Panel must be filed with the Division "not later than the 15th day after the date on which the decision of the hearing officer is received from the Division."  § 410.202(a).  Further, according to the Division's rules, a challenging party is deemed to have received the decision of the hearing officer five days after the decision was mailed.  28 TEX. ADMIN. CODE § 102.5(d) (2011) (Tex. Dep't of Ins., General Rules for Written Communications to and from the Commission).

The record of the Division that is part of this record reflects that the hearing officer's decision was dated January 7, 2009.  Under the presumptive rule, Davis is deemed to have received the decision on January 12, 2009.  ACC posits that Davis's appeal request was due to be filed on or before February 3, 2009.  The record reflects that the Division received the request for appeal of the CCH hearing officer's decision on March 3, 2009.  Thus, according to ACC, the appeal was not timely and, because there was no timely appeal, Davis did not exhaust his administrative remedies.

---

[2] The Labor Code was amended, effective September 1, 2009, enlarging the filing deadline to 45 days; however, for purposes of this litigation, the deadline remains at 40 days.

However, the record further reflects that the Appeals Panel did, in fact, consider the case. The Appeals Panel issued a decision on May 4, 2009. The decision issued by the Appeals Panel on that day contained the following language:

> Accordingly, this constitutes notice that the Hearing Officer's Decision and Order signed on December 18, 2008[,] became final on the date listed at the top of this notice under the provisions of § 410.169 or § 410.204(c) of the Texas Labor Code. If the Hearing Officer's Decision and Order became final under § 410.169, a notice of untimely appeal is enclosed.

Section 410.169 is the provision that makes the hearing officer's decision final unless timely appealed to the Appeals Panel. § 410.169. The record contains no notice of untimely appeal. Section 410.204(c) is the provision that allows the decision of the hearing officer to become final without the issuance of a decision of the Appeals Panel. § 410.204(c). From this record and the interplay of the two sections of the law cited, it is clear to the Court that the Appeals Panel considered Davis's appeal and overruled the same. Therefore, contrary to ACC's contentions, Davis did exhaust his administrative remedies. ACC's first issue is overruled.

Timeliness of Suit For Judicial Review

ACC's next issue contends that Davis's lawsuit was not timely filed and, therefore, the trial court did not have subject matter jurisdiction. We begin by observing that Davis filed his original petition on April 28, 2009. The record reflects that the Appeals Panel decision is dated May 4, 2009. Therefore, on the face of the record, Davis's petition was filed some six days before the Appeals Panel final decision. Subsequently, Davis filed a first amended petition on July 29, 2009.

8

Initially, we observe that section 410.251, styled "Exhaustion of Remedies" states:

> A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the Appeals Panel may seek judicial review under this subchapter and Subchapter G, if applicable.

§ 410.251. As we have previously determined that Davis did exhaust his administrative remedies, the initial question before us concerns whether there was a final decision of the Appeals Panel at the time Davis sought judicial review by filing suit. From the record before us, the answer to that inquiry is no. At the time Davis filed his original petition, the Appeals Panel had yet to issue its decision. Because the original petition was filed before the Appeals Panel decision, it was ineffective to invoke the subject matter jurisdiction of the trial court. § 410.251.

Does this mean that the trial court did not obtain subject matter jurisdiction over Davis's request for judicial review? Davis did file an amended petition after the Appeals Panel decision was filed with the Division. However, Davis's amended petition was filed some 86 days after the Appeals Panel decision. The statute requires that the petition seeking judicial review be filed within 40 days after the date on which the decision of the Appeals Panel was filed with the Division. § 410.252. When the deemed receipt rule is applied to the Appeals Panel decision, the 40th day would have been June 13, 2009, which was a Saturday. This would have resulted in the petition seeking judicial review being due on June 15, 2009. See TEX. R. CIV. P. 4; Holmes v. Tex. Mut. Ins. Co., 335 S.W.3d 738, 741 (Tex.App.—El Paso 2011, pet. abated).

9

This Court has previously sustained a trial court's dismissal of a workers' compensation petition for judicial review that was not filed within the 40 day requirement of section 410.251.  See State Office of Risk Mgmt. v. Herrera, 288 S.W.3d 543, 549 (Tex.App.—Amarillo 2009, no pet.).  Other of our sister appellate courts have held that filing within the 40 day period required by the statute is mandatory and jurisdictional. See Fire & Cas. Ins. Co. of Conn. v. Miranda, 293 S.W.3d 620, 624 (Tex.App.—San Antonio 2009, no pet.); Johnson v. United Parcel Serv., 36 S.W.3d 918, 921 (Tex.App.—Dallas 2001, pet. denied).  We agree with the thought that the 40 day requirement is mandatory and jurisdictional.  Id.

However, Davis contends that the premature filing figuratively held his place in line until he could file after the Appeals Panel decision was filed with the Division.  The problem with this approach is that it completely discounts the jurisdictional aspect of our previous holding.  If the 40 day time period for filing for judicial review were a statute of limitations instead of a jurisdictional requirement, this theory might have more traction. See Tex. Emp't Comm'n v. Stewart Oil Co., 153 Tex. 247, 267 S.W.2d 137, 138 (1954) (holding that, when petition remains in possession of clerk and was in possession of clerk when the court would have attained jurisdiction, the case is properly before the trial court).  The Stewart case was interpreting the statute of limitations regarding an appeal of the action of the Texas Employment Commission.  By its own terms, Stewart did not deal with a statute that had been determined to be jurisdictional in nature. Accordingly, we decline to follow Davis's contention.

10

Because we have held that the premature filing of an original petition did not properly invoke the jurisdiction of the trial court, we conclude that an amended pleading filed after the expiration of the 40 day period defined by statute cannot relate back and grant jurisdiction to the trial court where it did not previously exist. Johnson, 36 S.W.3d at 921 (holding, even though the original suit was timely filed but named an improper party, amending the lawsuit after the expiration of the 40 day period for appealing the decision of the Appeals Panel did not confer jurisdiction upon the trial court). Accordingly, we sustain ACC's second issue and find that the trial court erred in denying its plea to the jurisdiction.

Davis further contends that he was never served with the Appeals Panel decision until after the 40 day deadline had passed. The record reflects that, during the initial BRC, Davis was asked about the proper address to mail all his correspondence regarding his claim. He provided, "12071 FM 3522, Abilene, TX 79601-8749." The record reflects that the Appeals Panel decision was mailed to that address. Pursuant to the rules in the Texas Administrative Code, Davis is deemed to have received the notice of the Appeals Panel decision five days after the same was mailed. See 28 TEX. ADMIN. CODE § 102.5(d). We are not unmindful that the quoted rule contains a provision stating that, "unless the great weight of evidence indicates otherwise," the deemed date of delivery five days after the notice was mailed controls. However, in reviewing the record, we note a lack of evidence regarding Davis's receipt of the Appeals Panel decision, and a significant amount of evidence regarding when Davis received the CCH decision. At the end of the day, the only evidence concerning delivery or non-delivery of the Appeals Panel decision is Davis's statement that he never got a decision from the

11

Appeals Panel. This assertion standing alone is not "great weight of the evidence" referred to in the rule. Finally, the record does reflect that there were issues regarding the delivery of the CCH decision because the Division was not including Davis's inmate number as part of the address. However, the record contains nothing indicating that Davis ever requested the inmate number be added to the address where he would receive mail regarding his claim for workers' compensation benefits. The same rule referred to above contains the provision that, "All written communications to the claimant. . . . will be sent to the most recent address . . . supplied on either . . . verbal communication from the claimant, . . ." Id. § 102.5(a). The only address ever furnished by the claimant is that shown above. Therefore, Davis is deemed to have received the Appeals Panel decision within five days of the date the same was mailed. That date would have been May 9, 2009. Filing an amended petition on July 29, 2009, would not grant jurisdiction to the trial court.

Having sustained ACC's second issue, and because we have found that the severance was properly granted, thereby making the judgment of the trial court on Davis's partial summary judgment a final appealable judgment, we need not address ACC's third issue regarding the correctness of that partial summary judgment. See TEX. R. APP. P. 47.1.

Conclusion

Having determined that the trial court erred in denying ACC's plea to the jurisdiction, we reverse and render, ordering that the judicial review of the workers' compensation case be dismissed.


                                        Mackey K. Hancock
                                        Justice