

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-13-00190-CV

DONALD DAVIS, APPELLANT

V.

AMERICAN CASUALTY CO. OF READING PA, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 99809-C, Honorable Ana Estevez, Presiding

June 4, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Donald Davis, appeals the trial court's order granting summary judgment in favor of appellee, American Casualty Co. of Reading, Pa. (ACC). We will affirm.

Factual and Procedural Background

Davis sustained an injury while in the course and scope of his employment. He filed a claim for benefits under his employer's workers' compensation insurance policy,

which was provided by ACC. ACC never contested the compensability of Davis's injury. Rather, a dispute arose regarding the appropriate amount of temporary income benefits that were owed to Davis. Davis pursued this dispute through the Division of Workers' Compensation's dispute resolution process. The Division consistently upheld ACC's position.

Being unsatisfied with the Division's resolution of his dispute with ACC, Davis sought judicial review of his claim. ACC filed a plea to the jurisdiction against Davis's judicial review, and Davis filed a motion for partial summary judgment. The trial court denied ACC's plea and granted Davis's motion. Subsequently, ACC filed a motion to sever and abate Davis's claims that ACC had violated the Texas Insurance Code, Texas Deceptive Trade Practices Act (DTPA), and the common law duty of good faith and fair dealing in order that ACC could appeal the trial court's rulings on Davis's workers' compensation claims. The trial court granted ACC's motion over Davis's objection.

Both parties appealed. ACC appealed the denial of its plea to the jurisdiction and the grant of Davis's partial summary judgment. Davis appealed the trial court's severance and abatement order. On review, this Court concluded that the trial court did not err in granting the severance and abating Davis's extra-contractual claims. *Davis v. Am. Cas. Co. of Reading, Pa.*, 408 S.W.3d 1, 4 (Tex. App.—Amarillo 2012, pet. denied). We also determined that, because Davis failed to timely invoke the jurisdiction of the trial court, the trial court erred in denying ACC's plea to the jurisdiction. *See id.* at 6-7. As a result, we reversed the trial court's judgment and rendered judgment dismissing Davis's workers' compensation claims. *Id.* at 7.

2

After mandate issued in the appeal of Davis's workers' compensation claims, the trial court lifted its abatement order. ACC filed motions for no-evidence and traditional summary judgment regarding Davis's remaining claims. Davis responded and sought a continuance and to compel discovery. The trial court entered an order granting ACC summary judgment. Davis filed motions to reconsider and for new trial, which were overruled by operation of law.[1] Subsequently, Davis filed notice of appeal.

Davis presents six issues by his appeal. By his first issue, Davis contends that the trial court had no jurisdiction to abate this case while his workers' compensation claims were being resolved. By his second, third, and fourth issues, Davis contends that the trial court denied him his due process rights and abused its discretion by failing to hear and rule on his requests for continuance and to compel discovery before granting ACC summary judgment and erred in not granting post-judgment sanctions for these same discovery abuses. By his fifth and sixth issues, Davis contends that the trial court erred in granting ACC summary judgment. We will first address Davis's last two issues.

## Summary Judgment

By his fifth and sixth issues, Davis contends that the trial court erred in granting summary judgment in favor of ACC. ACC filed motions for traditional and no-evidence summary judgment. *See* TEX. R. CIV. P. 166a(c), (i). The trial court's order granting summary judgment did not specify the basis upon which it granted summary judgment.

---

[1] Davis also sought discovery sanctions. The record does not reflect that the trial court ruled on this request.

3

Appellate courts review the granting of a motion for summary judgment *de novo*. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a movant files a no-evidence motion in proper form under Rule of Civil Procedure 166a(i), the burden shifts to the nonmovant to defeat the motion by presenting evidence that raises an issue of material fact regarding the elements challenged by the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). In other words, the nonmovant must respond to a no-evidence motion by presenting more than a scintilla of probative evidence on each challenged element. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *DR Partners v. Floyd*, 228 S.W.3d 493, 497 (Tex. App.—Texarkana 2007, pet. denied). More than a scintilla of evidence exists when the evidence, as a whole, "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). The movant in a traditional motion for summary judgment, filed pursuant to Rule 166a(c), has the burden of showing that no genuine issue of material fact exists and that it is entitled to a summary judgment as a matter of law. *See Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). The trial court must indulge every reasonable inference in favor of the nonmovant and resolve all doubts in his favor. *Id*. When, as here, the trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm summary judgment if any of the summary judgment grounds are meritorious. *Progressive Cnty. Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 806 (Tex. 2009) (per curiam).

In this case, Davis asserts claims for breach of contract relating to temporary income benefits (TIBs) being underpaid, breach of the duty of good faith and fair dealing as well as Texas Insurance Code violations based on TIBs being underpaid, violations of the Texas Insurance Code invoking the Texas DTPA due to TIBs being underpaid, and negligence because the appropriate amount of TIBs was "reasonably clear." Looking at Davis's second amended petition, all of his claims arise out of ACC's handling of his workers' compensation claim.[2]

The Texas Supreme Court has addressed the availability of extra-contractual claims in the context of a workers' compensation claim. *See Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012). The *Ruttiger* court abolished the common-law duty of good faith and fair dealing in the workers' compensation context and held that the Workers' Compensation Act provides a process for resolving disputes and sanctioning noncompliance that is exclusive of independent causes of action based on unfair claims-settlement practices. *See Hopper v. Argonaut Ins. Co.*, No. 03-12-00734-CV, 2013 Tex. App. LEXIS 13030, at *4 (Tex. App.—Austin Oct. 18, 2013, no pet.) (mem. op.) (citing *Ruttiger*, 381 S.W.3d at 439, 444-46, 451); *Carpenter v. Sw. Med. Examination Servs., Inc.*, 381 S.W.3d 583, 587 (Tex. App.—Eastland 2012, no pet.). We conclude that the decision in *Ruttiger* precludes Davis's claims in this cause.

Looking first at Davis's claims that ACC is liable for breach of contract and negligence, we note that these claims are nothing more than allegations that ACC did

---

[2] Davis cites to a provision of the Texas Insurance Code that relates to defamation of an insurer's financial condition, *see* TEX. INS. CODE ANN. § 541.053 (West 2009), and another that relates to an insurer filing a false statement of its financial condition, *see id.* § 541.055 (West 2009). Davis wholly fails to explain how he would have standing to assert claims under these provisions nor does he identify any facts that would support claims for violations of these provisions.

5

not comply with the requirements of the Workers' Compensation Act. The Act provides its own means for enforcing compliance with its requirements. *See Ruttiger*, 381 S.W.3d at 443; *Hopper*, 2013 Tex. App. LEXIS 13030, at *4. The remedies available under the Workers' Compensation Act are exclusive of independent causes of action alleging unfair claims-settlement practices. *See Ruttiger*, 381 S.W.3d at 444; *Hopper*, 2013 Tex. App. LEXIS 13030, at *4. As such, we conclude that the trial court did not err in determining that ACC was entitled to judgment as a matter of law on Davis's claims for breach of contract and negligence.

Most of Davis's claims that ACC violated the Texas Insurance Code contend that it violated section 541.060, titled "Unfair Settlement Practices." *See* Tex. Ins. Code Ann. § 541.060 (West 2009).[3] The *Ruttiger* court explained that,

> It is apparent that the [Workers' Compensation] Act prescribes detailed, [Workers' Compensation Division]-supervised, time-compressed processes for carriers to handle claims and for dispute resolution. It has multiple, sometimes redundant but sometimes additive, penalty and sanction provisions for enforcing compliance with its requirements. Permitting a workers' compensation claimant to additionally recover by simply suing under general provisions of Insurance Code section 541.060 would be inconsistent with the structure and detailed processes of the Act.

*Ruttiger*, 381 S.W.3d at 443. Consequently, the *Ruttiger* court held that the workers' compensation process is exclusive of claims asserted under section 541.060. *Id.* at 444; *Hopper*, 2013 Tex. App. LEXIS 13030, at *5-6. As a result, we cannot conclude that the trial court erred in granting summary judgment in favor of ACC against Davis's section 541.060 claims.

---

[3] Further reference to provisions of the Texas Insurance Code will be by reference to "section ___" or "§ ___."

Davis also alleges that ACC violated the Texas Insurance Code by failing to promptly and properly investigate Davis's claims in violation of section 542.003. However, the *Ruttiger* court expressly held that workers' compensation claimants cannot assert a general cause of action under section 542.003. *Ruttiger*, 381 S.W.3d at 445. Consequently, we cannot conclude that the trial court erred in granting summary judgment against Davis's section 542.003 claims.

The *Ruttiger* court held that section 541.061 applies to the misrepresentation of an insurance policy rather than to settling claims and, therefore, is not at odds with the dispute resolution process of the workers' compensation system. *See id.* at 446. While Davis cites section 541.061 in his second amended petition, he does not allege that ACC misrepresented its policy in any way. It is clear that ACC accepted the compensability of Davis's claim and paid him weekly benefits. The dispute between Davis and ACC was limited to the appropriate amount of TIBs. This dispute relates to the statutory definition of the term "wages" rather than to any provision of ACC's workers' compensation policy. *See* TEX. LABOR CODE ANN. § 401.011(43) (West Supp. 2013) (defining "wages"); 28 TEX. ADMIN. CODE § 126.1(2)(A) (2014) (Tex. Dep't of Ins., Definitions Applicable to All Benefits) (specifically defining "nonpecuniary wages" as including "health insurance premiums"). Because Davis's claim does not contend that ACC misrepresented its policy, there is no evidence in the record to support such a misrepresentation. As such, we cannot conclude that the trial court erred in granting summary judgment on Davis's section 541.061 claims.

As in *Ruttiger*, Davis's DTPA claims are dependent on his claims under the Texas Insurance Code. Because Davis cannot recover on his Insurance Code claims,

he cannot recover on his DTPA claims. *See Ruttiger*, 381 S.W.3d at 446; *Hopper*, 2013 Tex. App. LEXIS 13030, at *10.

Finally, Davis asserts that ACC violated its common law duty of good faith and fair dealing. The *Ruttiger* court held that an injured employee may not assert a common-law claim for breach of the duty of good faith and fair dealing against a worker's compensation carrier. *See Ruttiger*, 381 S.W.3d at 451; *Hopper*, 2013 Tex. App. LEXIS 13030, at *6. Consequently, we cannot conclude that the trial court erred in granting summary judgment against Davis's claims that ACC violated its duty of good faith and fair dealing.

In sum, as to each of Davis's claims asserted in this case, he either failed to present any evidence to support his claim, or ACC was able to establish that it was entitled to judgment as a matter of law. As such, we conclude that the trial court did not err in granting ACC's motions for summary judgment. We overrule Davis's fifth and sixth issues.

## Abatement

By his first issue, Davis contends that the trial court did not have jurisdiction to indefinitely abate the present case while his workers' compensation claims were being resolved. ACC points out that Davis already brought a challenge to the trial court's severance and abatement in the appeal of his workers' compensation case. As such, ACC contends that our prior determination that the trial court did not abuse its discretion has become the law of the case.

Our prior opinion reviewed the trial court's decision to sever the workers' compensation claims from the extra-contractual claims. *See Davis*, 408 S.W.3d at 4. However, we did not specifically address the propriety of the trial court's order abating the extra-contractual claims.

We review a trial court's decision to abate extra-contractual claims pending resolution of contract claims for abuse of discretion. *In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d 229, 233 (Tex. App.—El Paso 2012, orig. proceeding). Extra-contractual claims should be abated until a contract claim becomes final if such abatement will promote justice, avoid prejudice, and promote judicial economy. *Id.* at 237.

In this case, Davis took no action to remove the abatement order prior to the trial court's order lifting the abatement. In fact, when ACC filed its motion to lift the abatement, Davis argued in response that the abatement was void and, therefore, a nullity. Davis has failed to identify any prejudice caused him by the abatement. Davis contends that he has been denied discovery while the abatement order was in effect but the only discovery he has identified as having been denied is a copy of the workers' compensation policy under which his claims were brought. However, because Davis has failed to establish that he has any legal right to pursue any of his current claims, as determined above, we cannot conclude that Davis has been harmed by the denial of this discovery. Likewise, because Davis's current claims are unavailable, the abatement promoted judicial economy.

We overrule Davis's first issue.

9

Discovery Issues

By his second, third, and fourth issues, Davis contends that the trial court violated his due process rights and abused its discretion by failing to rule on his requests for continuance and to compel discovery before granting ACC summary judgment and erred in not granting post-judgment sanctions for these same discovery abuses.

If the trial court abuses its discretion in a discovery ruling, the complaining party must still show harm on appeal to obtain a reversal. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 667 (Tex. 2009) (citing Tex. R. App. P. 44.1(a)). Harmful error is error that "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals." *Id.*

Davis fails to identify what discovery he was denied by the trial court's failure to rule on his motions. At most, Davis's motions requested a copy of ACC's workers' compensation insurance policy. However, even were we to assume that Davis would have prevailed in his motion to compel disclosure of the policy, Davis makes no effort to identify how ACC's failure to disclose the policy "probably caused the rendition of an improper judgment" or "probably prevented [Davis] from properly presenting the case to the court of appeals." *Id.* Davis consistently refers to his motion to compel discovery as a "dispositive" motion, but he makes this assertion without any supporting argument or legal authority. Furthermore, based on the claims asserted in his live pleading, we fail to see and Davis makes no effort to show how his discovery of the workers'

10

compensation policy would have been sufficient to overcome ACC's motions for summary judgment.  *See id.*

We overrule Davis's second, third, and fourth issues.

## Conclusion

Having overruled each of Davis's issues, we affirm the trial court's summary judgment order.

Mackey K. Hancock
Justice
