In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00263-CV

_____

IN RE TEXAS ALLIANCE OF ENERGY, AKA TEXAS ALLIANCE OF
ENERGY PRODUCERS WORKERS' COMPENSATION SELF-INSURED
GROUP TRUST

Original Proceeding
253rd District Court of Liberty County, Texas
Trial Cause No. CV1104807

MEMORANDUM OPINION

Texas Alliance of Energy, AKA Texas Alliance of Energy Producers Workers' Compensation Self-Insured Group Trust petitioned for a writ of mandamus ordering the judge of the 253rd District Court of Liberty County, Texas to dismiss certain claims brought by John Bennett in a workers' compensation suit. We conditionally grant the writ in part.

## Background

John Bennett sustained a compensable injury on August 30, 2006. Administrative proceedings before the Division of Workers' Compensation (DWC) have resulted in two Appeals Panel decisions: (1) a 2011 Appeals Panel decision ruling that Bennett reached maximum medical improvement on September 3, 2008, that Bennett's impairment rating was nineteen percent, and that he was not entitled to supplemental income benefits (SIBs) for compensable quarters one through six; and (2) a 2014 Appeals Panel decision ruling that Bennett permanently lost entitlement to SIBs because he was not entitled to SIBs for twelve consecutive months, and Bennett was not entitled to SIBs for the seventh through the nineteenth quarters.

Bennett filed his lawsuit on September 2, 2011. His original pleading concerned the 2011 Appeals Panel decision determining his impairment rating and the date he reached maximum medical improvement. Bennett first requested a judicial review of the first six quarters of SIBs in a pleading filed on November 28, 2011. He subsequently amended his petition to allege claims of negligence, intentional infliction of emotional distress, and fraud. On November 6, 2014, the trial court overruled Relator's challenges to the trial court's jurisdiction and granted Bennett's motion for summary judgment entitling Bennett to SIBs for the

first through sixth compensable quarters. Relator petitioned for mandamus relief and argued that the trial court lacked subject matter jurisdiction over Bennett's extra-contractual claims and claims on which he failed to exhaust his administrative remedies. We conditionally granted partial mandamus relief and directed the trial court to grant a plea to the jurisdiction for any issues that Bennett had not brought before the Appeals Panel. *In re Texas Alliance of Energy*, 09-14-00521-CV, 2015 WL 269401, at \*4 (Tex. App.—Beaumont Jan. 22, 2015, orig. proceeding) (mem. op.).

Bennett filed his fourth amended petition on February 4, 2015, and his fifth amended petition on March 25, 2015. The February 4, 2015 pleading and the pleading it replaced stated, "This appeal is confirming quarters one through six and appealing seven through nineteen." But, neither Bennett's third nor his fourth amended petition expressly mentions the 2014 Appeals Panel proceeding before the DWC. Bennett first expressly referenced the new DWC proceedings that resulted in the 2014 Appeals Panel decision in his Fifth Amended Petition, which he filed on March 25, 2015. In Bennett's Fifth Amended Petition, he further alleges that Relator "committed intentional infliction of emotional distress" through "continual lies and misrepresentations, along with the refusal to accept liability and pay benefits[,]" presented "fraudulent information and documentation

3

to the worker's compensation hearing officer[,]" and "failed to timely appeal the award of August 12, 2008 Notice of Entitlement to Supplemental Income Benefits (SIBs) for the quarters." Additionally, Bennett alleges in the Fifth Amended Petition that Relator failed to provide medical treatment, failed to pay for his medication, and failed to pay for his treatment-related travel.

The trial court signed an order ruling that the Fifth Amended Petition showed that Bennett exhausted all administrative remedies. The trial court denied Relator's plea to the jurisdiction based upon the alleged failure to exhaust administrative remedies, denied Relator's motions to dismiss and for summary judgment, and declined to reconsider the previous order granting partial summary judgment in favor of Bennett. The trial court ruled that Bennett

> is entitled to payment on SIBs quarters one through six in the Texas Department of Insurance's notice dated August 12, 2008. This case combined all quarter[s] through nineteen and Plaintiff is entitled to payment from quarters one through nineteen based upon a 19% impairment rating (which was provided by the designated doctor).

On June 1, 2015, the trial court signed an order denying Relator's motion to reconsider its plea to the jurisdiction for the seventh through the nineteenth compensable quarters.

4

**Request for Mandamus Relief**

Relator has filed a motion to issue the writ of mandamus that we conditionally granted on January 22, 2015. *See id.* at *4. Additionally, Relator presents two new complaints that relate to claims asserted in Bennett's Fifth Amended Petition. First, Relator contends that Bennett failed to exhaust his administrative remedies with respect to his entitlement to medical benefits because he has not presented those issues to the Appeals Panel for resolution by the DWC before filing suit. Second, Relator argues Bennett's failure to timely file a challenge to the Appeals Panel's 2014 decision deprived the trial court of jurisdiction over Bennett's claim for SIBs for compensable quarters seven through nineteen.

"Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer or an agent or employee of the employer for . . . a work-related injury sustained by the employee." Tex. Labor Code Ann. § 408.001(a) (West 2015). The Workers' Compensation Act "provides the exclusive process and remedies for claims arising out of a carrier's investigation, handling, or settling of a claim for workers' compensation benefits." *In re Crawford & Co.*, 458 S.W.3d 920, 925-26 (Tex. 2015). The dispute resolution process consists of four possible steps: (1) a

benefit review conference; (2) a contested case hearing; (3) an administrative appeals panel review; and (4) a judicial review. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 437 (Tex. 2012). Judicial review of a workers' compensation case "is limited to issues decided by the appeals panel and on which judicial review is sought." Tex. Labor Code Ann. § 410.302(b).

The 2011 Appeals Panel decided eight issues, which were described in the decision on the contested case hearing as follows:

1. What is the date of maximum medical improvement (MMI)?

2. What is the claimant's impairment rating (IR)?

3. Is the Self-Insured relieved of liability for supplemental income benefits (SIBs) because of the claimant's failure to timely file an application for supplemental income benefits for the 1st through 4th quarter[s], and if so, for what periods? (Withdrawn by agreement of the parties).

4. Is the claimant entitled to supplemental income benefits for the first quarter, from September 30, 2009 through December 29, 2009?

5. Is the claimant entitled to supplemental income benefits for the second quarter, from December 30, 2009 through March 30, 2010?

6. Is the claimant entitled to supplemental income benefits for the third quarter, from March 31, 2010 through June 29, 2010?

7. Is the claimant entitled to supplemental income benefits for the fourth quarter, from June 30, 2010 through September 28, 2010?

8. Is the claimant entitled to supplemental income benefits for the fifth quarter, from September 29, 2010 through December 28, 2010?

9. Is the claimant entitled to supplemental income benefits for the sixth quarter, from December 29, 2010 through March 29, 2011?

At the conclusion of the administrative process, the DWC concluded that Bennett's impairment rating is 19%, that Bennett reached maximum medical improvement on September 3, 2008, and that Bennett is not entitled to SIBs for the first through the sixth compensable quarters.

The 2014 Appeals Panel decided two issues, which were described in the contested case hearing as follows:

1. Is the Claimant entitled to supplemental income benefits for the 7th, 8th, 9th, 10th, 11th, 12th, 13th, 14th, 15th, 16th, 17th, 18th, and 19th quarters, April 7, 2011 through May 7, 2014?

2. Has the Claimant permanently lost entitlement to supplemental income benefits pursuant to Texas Labor Code § 408.146(c) because he was not entitled to them for 12 consecutive months?

The 2014 Appeals Panel struck a finding of fact that during the qualifying period for the eighth quarter, the claimant demonstrated an active effort to obtain employment each week during the entire qualifying period; the result of the administrative process was that Bennett permanently lost entitlement to SIBs because he was not entitled to SIBs for twelve consecutive months and Bennett is not entitled to SIBs for the seventh through nineteenth compensable quarters.

Only these enumerated issues were exhausted through step three of the four-step-dispute-resolution process identified in the *Ruttiger* decision. *See Ruttiger*,

7

381 S.W.3d at 437. The DWC has exclusive jurisdiction over claims-handling disputes arising out of a carrier's investigation, handling, or settling of a claim for workers' compensation benefits. *See Crawford & Co.*, 458 S.W.3d at 925-26. The DWC resolved neither Bennett's claims-handling issues nor his medical reimbursement claims for prescription medication, mileage, or surgery.[1] Bennett's claim for failure to timely provide medical treatment depends upon an administrative determination of the right to the medical treatment and an administrative resolution of the claims-handling complaints. *See id.*; *see also In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328 (Tex. 2009). Accordingly, the trial court lacks subject matter jurisdiction over Bennett's claims for medical benefits and for failing to timely provide medical treatment. *See Crawford*, 458 S.W.3d at 925-26; *see also Texas Alliance*, 2015 WL 269401, at *2.

"[I]t is proper for a trial court to dismiss claims over which it does not have subject matter jurisdiction but retain claims in the same case over which it [does have] jurisdiction." *Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006). Relator is

---

[1]The venue provisions of section 410.252(b) do not implicate the trial court's subject matter jurisdiction. *Mayberry v. Am. Home Assur. Co.*, 122 S.W.3d 455, 458 (Tex. App.—Beaumont 2003, no pet.). We do not decide whether the Liberty County District Court is the court of proper venue for a judicial review of claims of this nature. *Compare* Tex. Labor Code Ann. § 410.252(b) *with* Tex. Labor Code Ann. § 410.255, *and* Tex. Gov't Code Ann. § 2001.176(b) (West 2008).

not entitled to a dismissal of Bennett's suit for judicial review of the 2011 Appeals Panel decision because the trial court does have jurisdiction to review the 2011 Appeals Panel decision concerning Bennett's entitlement to SIBs for the first through sixth compensable quarters. *See Texas Alliance*, 2015 WL 269401, at *3; *see also Old Republic Ins. Co. v. Warren*, 33 S.W.3d 428, 432 (Tex. App.—Fort Worth 2000, pet. denied) ("No case has held that a plaintiff's failure to follow the strictures of section 410.302 [of the Texas Labor Code] divests a district court of jurisdiction when the plaintiff's original petition was timely filed.").[2] Bennett's live pleading re-states his previous claim for intentional infliction of emotional distress as damages arising from the carrier's "refusal to accept liability and pay benefits." Likewise, Bennett re-states his fraud allegations as a claims-handling dispute. Bennett's amended pleading demonstrated that he exhausted his administrative remedies relative to his entitlement to SIBs for the first through the sixth compensable quarters, but the amended pleading does not demonstrate that he exhausted his administrative remedies on the claims-handling dispute. We conclude that Bennett has not exhausted his administrative remedies for his claims-

---

[2] In this mandamus proceeding, Relator does not argue that the trial court lacked subject matter jurisdiction over Bennett's claim for SIBs for the first through sixth compensable quarters. The trial court granted a partial summary judgment on this issue, but we express no opinion regarding the trial court's ruling.

handling dispute, his claims for medical benefits, and his claims for failing to timely provide medical treatment.

In our previous opinion arising out of this litigation, we explained that Bennett should have an opportunity to replead before the trial court grants a plea to the jurisdiction for any issues that were not brought before the Appeals Panel. *Texas Alliance*, 2015 WL 269401, at *4. This situation is different because Bennett has been given an opportunity to replead, but he continues to assert unexhausted claims. Relator brought the lack of subject matter jurisdiction to the attention of the trial court through a plea to the jurisdiction and a motion to dismiss. The trial court abused its discretion by failing to dismiss those claims over which the trial court lacked subject matter jurisdiction. *Crawford*, 458 S.W.3d at 926-7.

Regarding the issue of whether Bennett timely filed a petition for judicial review of the 2014 Appeals Panel decision, section 410.252(a) of the Texas Labor Code provides, as follows:

> A party may seek judicial review by filing suit not later than the 45th day after the date on which the division mailed the party the decision of the appeals panel. For purposes of this section, the mailing date is considered to be the fifth day after the date the decision of the appeals panel was filed with the division.

Tex. Labor Code § 410.252(a). The 2014 Appeals Panel determined that Bennett is not entitled to SIBs for the seventh through the nineteenth compensable quarters.

10

Bennett had to file suit challenging the 2014 Appeals Panel decision by January 26, 2015. *See id.*; *see also* Tex. R. Civ. P. 4. On that date, Bennett's live pleading in his pending lawsuit against the carrier expressly complained only about the 2011 Appeals Panel decision and omitted any mention of the DWC proceedings that were actively being pursued at the administrative level when the pleading was filed. However, this pleading also stated, "This appeal is confirming quarters one through six and appealing seven through nineteen." Bennett repeats the same statement in a pleading that he filed on February 4, 2015. Bennett first expressly referenced the 2014 DWC appeals panel decision in his fifth amended original petition filed on March 25, 2015.

In its Supplemental Petition for Writ of Mandamus, Relator cites cases from eight of the Courts of Appeals to support the proposition that the forty-five day deadline in section 410.252 of the Texas Labor Code is mandatory and jurisdictional. *See Davis v. Am. Cas. Co. of Reading, Pa.*, 408 S.W.3d 1, 6 (Tex. App.—Amarillo 2012, pet. denied); *Fire & Cas. Ins. Co. of Conn. v. Miranda*, 293 S.W.3d 620, 624 (Tex. App—San Antonio 2009, no pet.); *Tex. Mun. League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 812 n. 9 (Tex. App.—Fort Worth 2006, no pet.); *LeBlanc v. Everest Nat'l Ins. Co.,* 98 S.W.3d 786, 787 (Tex. App.—Corpus Christi 2003, no pet.); *Johnson v. United Parcel Serv.*, 36 S.W.3d

11

918, 921 (Tex. App.—Dallas 2001, pet. denied); *Argonaut Sw. Ins. Co. v. Walker*, 64 S.W.3d 654, 657 (Tex. App.—Texarkana 2001, pet. denied); *Morales v. Travelers Indem. Co. of Conn.*, No. 01-14-00429-CV, 2014 WL 7340374, at *2 (Tex. App.—Houston [1st Dist.] Dec. 18, 2014, pet. denied) (mem. op.); *Cervantes v. Tyson Foods, Inc.*, 130 S.W.3d 152, 155 (Tex. App.—El Paso 2003, pet. denied). These cases are all distinguishable from the case before this Court by reason of the vehicle in which the issue is presented for review in the appellate court. The issue is before this Court in a petition for a writ of mandamus. *See* Tex. R. App. P. 52.1.

"Incidental district court rulings, which include pleas to the jurisdiction, generally will not be reviewed by mandamus because an adequate appellate remedy exists." *In re State Bar of Tex.*, 113 S.W.3d 730, 734 (Tex. 2003). The denial of a plea to the jurisdiction relating to an unexhausted claim is subject to mandamus "to prevent a disruption of the orderly processes of government." *Liberty Mut.*, 295 S.W.3d at 328. Because Bennett has exhausted his administrative remedy regarding his entitlement to SIBs for the seventh through the nineteenth compensable quarters, the trial court's exercise of jurisdiction does not interfere

with the jurisdiction of the DWC. Accordingly, Relator has an adequate remedy by appeal.[3] *See id.*

We conditionally grant mandamus relief and we direct the trial court to dismiss Bennett's medical benefits claims for lack of subject matter jurisdiction.

PETITION CONDITIONALLY GRANTED.


PER CURIAM


Submitted on August 4, 2015
Opinion Delivered August 31, 2015

Before Kreger, Horton, and Johnson, JJ.

---

[3]We express no opinion regarding the trial court's ruling.