**TEXAS WORKERS' COMPENSATION COMMISSION, Appellant,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellee.**

No. 13–96–100–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 9, 1997.

Rehearing Overruled Nov. 13, 1997.

Keith C. Livesay, McAllen, Ben R. Neece, Law Office of Ben R. Neece, Brownsville, for Amicus Curiae.

Paul Wilson, Phillippe & Wilson, Brownsville, Harry Wade Deckard, Assist. Atty. Gen.-Tort Lit. Div., Austin, for Appellant.

William J. Gamble, Torres, Russell, Tschirhart & Gamble, Castroville, John Wondra, Clark & Gamble, San Antonio, for Appellee.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

YANEZ, Justice.

In an appeal of the findings and conclusions of an appeals panel of the Texas Workers' Compensation Commission (hereinafter "TWCC") to a district court,[1] a jury ruled in favor of Hartford Accident and Indemnity Company (hereinafter "Hartford") and against both benefits claimant Anne English and TWCC, which had intervened on her side. The court rendered judgment on the verdict. By one point of error, TWCC, appellant, challenges the jurisdiction of the trial court to hear the challenge filed by Hartford, appellee. English appears as *amicus curiae* and seeks relief, in the event TWCC is successful in this appeal. Appellee raises one cross-point of error, challenging the standing

---

**1.** Section 410.251 of the Texas Labor Code provides:

> A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter and Subchapter G, if applicable.

Tex Lab.Code Ann. § 410.251 (Vernon 1996) (footnote omitted).

of either TWCC or English to seek relief for English through this appeal. We reverse and render.

On December 2, 1991, while employed as a respiratory therapist for Valley Baptist Medical Center in Harlingen, Texas, English injured her back. Claiming the injury occurred in the course and scope of her employment, she filed a claim for workers' compensation benefits. Hartford served as the worker's compensation carrier for Valley Baptist.

Following a benefit review conference,[2] Hartford initiated a contested case hearing,[3] which was held in Harlingen on January 14 and 15, 1993. At issue were: (1) whether English's injury occurred to the cervical and lumbar area of the spine in addition to the thoracic area, (2) whether she suffered disability after May 6, 1992, (3) whether her employer made her a *bona fide* offer of light duty, (4) whether she reached maximum medical improvement, (5) whether she sustained compensable psychological trauma, and (4) whether she could choose her attending physician. The hearing officer determined that English was injured in the course and scope of her employment, had disability, had not reached maximum medical improvement, did not have a compensable psychological injury, and could select her physician. Hartford appealed this decision to TWCC Appeals Panel No. 15. In opinion no. 93705, issued on September 27, 1993, the appeals panel found the hearing officer's decision supported by the evidence, and affirmed his findings of fact and conclusions of law.

On November 9, 1993, according to a file-stamp date, Hartford filed an original petition in the 357th District Court of Cameron County, complaining of the appeals panel findings. Specifically, Hartford alleged that English suffered no injury to the cervical and lumbar areas of her spine, incurred no disability after May 6, 1992, had reached maximum medical improvement, received a *bona fide* offer of light duty from her employer,

and could not choose her attending physician. On February 14, 1994, TWCC intervened on the side of English.[4] On February 18, 1994, English filed a plea to the jurisdiction, claiming that Hartford failed to file its action within forty days of the date on which the appeals panel decision was filed with the TWCC's Division of Hearings and Review. Citing the forty day limitations period for seeking judicial review of an appeals panel decision,[5] English argued that because the appeals panel decision was filed on September 23, 1993, any appeal had to be filed in the appropriate district court by November 6, 1993, and Hartford was three days late.

In response, Hartford first alleged that the filing deadline actually was November 8, 1993, a Monday, rather than November 6, 1993, because forty days from the date of the filing of the appeals panel decision fell on a Saturday, and Rule 4 of the Texas Rules of Civil Procedure would operate to extend the deadline until the next Monday. Hartford next alleged that Rule 5 of the Rules of Civil Procedure would allow its petition to be received up to ten days after a filing deadline date, if the document was wrapped and addressed and deposited with "the carrier" on or before the last day before filing. Hartford then explained that on November 5, 1993, it sent the petition to the district clerk at the Cameron County courthouse by Federal Express. Because the petition had been designated "priority overnight," Hartford urged, it should have been received and stamped on the morning of November 8, 1993, which would have been timely filing.

On February 28, 1994, the trial court, by fiat, granted English's plea to the jurisdiction and ordered the cause dismissed for want of jurisdiction. On March 22, 1994, Hartford filed a motion to reconsider and withdraw the ruling, claiming its counsel was not afforded the opportunity to present any evidence or arguments before the court in relation to the plea to the jurisdiction. On March 25, 1994,

---

**2.** *See* TEX. LAB.CODE ANN. § 410.021 (Vernon 1996).

**3.** *See* TEX. LAB.CODE ANN. § 410.151 (Vernon 1996).

**4.** TWCC intervened pursuant to its authority under Section 410.254 of the Labor Code. *See* TEX. LAB CODE ANN. § 410.254 (Vernon 1996).

**5.** TEX. LAB.CODE ANN. 410.252(a) (Vernon 1996).

Hartford then moved for a new trial. On June 13, 1994, after both English and the TWCC filed amended pleas to the jurisdiction, the court granted a new trial. Subsequent pleas to the jurisdiction filed by TWCC and English were denied.

On October 27, 1995, the jury returned a verdict in favor of Hartford, and on November 15, 1995, the court rendered judgment on the verdict. By its judgment, the court canceled and set aside particular conclusions and findings of the TWCC appeals panel. The court ordered that the following findings instead be used in processing English's claim: (1) she did not sustain a compensable injury to the cervical and lumbar area of her spine; (2) she had no disability after May 6, 1992; (3) Valley Baptist Medical Center made her a *bona fide* offer of employment;[6] and (4) she reached maximum medical improvement at the time her claim was considered by the TWCC Appeals Panel.

TWCC alleges the trial court erred in not granting TWCC's or English's pleas to the jurisdiction "and/or" motions to vacate the judgment. The filing requirements for appeals of workers' compensation cases to district courts, appellant argues, are mandatory and jurisdictional. Hartford's reliance on the "mailbox rule" for its claim of a timely filed petition, appellant contends, is misplaced, because Hartford relied on a private courier, *i.e.*, Federal Express, to deliver the petition to the court, not the United States Postal Service. Appellee maintains that the trial court committed no error in viewing Hartford's efforts to send its petition on November 5, 1993, as timely service and filing, because the Texas Supreme Court has established "relaxed principles" for bringing suit under the Workers' Compensation Act.

■ A party may seek judicial review of the decision of a TWCC appeals panel by filing suit not later than the fortieth day after the date on which the appeals panel decision was filed with the hearings division. TEX. LAB.CODE ANN. § 410.252(a) (Vernon 1996). Like the 20–day filing requirement under the "old" workers' compensation law, this "new-law" filing requirement is mandatory and

jurisdictional. *Morales v. Employers Casualty Co.*, 897 S.W.2d 866, 868 (Tex.App.—San Antonio 1995, writ denied). In computing any period of time allowed or prescribed by statute, the last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which case the event period runs until the next day which is not a Saturday, Sunday, or legal holiday. TEX.R. CIV. P. 4.

■ In the instant case, Saturday, November 6, 1993, marked the fortieth day from the date the appeals panel decision was filed. By operation of Rule 4 of the Rules of Civil Procedure, the legal deadline for the filing of a petition for judicial review became Monday, November 8, 1993. The remaining question, then, is whether Hartford's petition, which was file-stamped November 9, 1993, should be deemed timely filed.

■ A civil suit in a district court shall be commenced by a petition filed in the office of the clerk. TEX.R. CIV. P. 22. An instrument is deemed legally filed at the time it is left with the clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing. *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.*, 787 S.W.2d 371, 372 (Tex.1990) (where motion for new trial timely was sent by Federal Express but not filed until seven days late because of action of courthouse employee, motion was timely filed); *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 680 (Tex. 1979) (in workers' compensation context, where petition would have arrived by mail at court on time but for action of deputy court clerk, petition deemed timely filed). If any document is sent to the appropriate clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing it, the document, if received by the clerk not more than ten days late, shall be filed by the clerk and be deemed filed in time. TEX.R. CIV. P. 5 (the "mailbox rule"). When documents for filing have been sent by private courier rather than by United States mail, the time for filing is

---

**6.** The order does not specify that the offer was of "light duty" employment.

not enlarged under Rule 5. *E.g., Carpenter v. Town & Country Bank,* 806 S.W.2d 959, 960 (Tex.App.—Eastland 1991, writ denied).

■ In the instant case, it is undisputed that Hartford sent its petition to the court clerk *via* Federal Express, by "priority overnight" delivery. TWCC does not contest Hartford's contention that the petition should have arrived on November 8, 1993. Hartford does not contest the file-stamp of November 9, 1993, on its petition. What Hartford and TWCC primarily dispute is whether the Rule 5 "mailbox rule" applies to this situation, in which a petition was sent by private courier just before the end of the filing period and arrived just after the filing deadline.

On record is an affidavit from Barbara Olsen, an employee of Hartford's law firm, Clark & Gamble. Olsen states that she sent Hartford's petition to the Cameron County District Clerk at the Cameron County Courthouse, located at 974 E. Harrison, Brownsville, Texas, by Federal Express on November 5, 1993. She used Federal Express airbill number 6232675223 and delivered the package to the Federal Express carrier at its "dropoff" at her firm's office. A copy of Federal Express airbill number 6232675223 is on record and corroborates Olsen's claims as to date of preparation and identity and location of the addressee. The airbill also indicates the package was to be sent "priority overnight." Also a matter record, nevertheless, are Federal Express delivery records for November 9, 1993, supported by an affidavit from Sherry D. Camper, a Federal Express paralegal and custodian of records. The delivery records indicate that the package with airbill number 6232675223 was picked up on November 8, 1993, and delivered to 974 E. Harrison on November 9, 1993. In reviewing Olsen's claims as to when the package containing its petition was sent, we find no claim made that the package was delivered to Federal Express on November 5, 1993, *in time to be picked up on that same day.*

Because the record reflects that Hartford's petition was not picked up for overnight delivery until November 8, 1993, we have no basis for inferring that the November 9, 1993, late file-stamp date on Hartford's petition was attributable to the delay of a courthouse employee. Point of error one is sustained.

■ By its cross-point, Hartford maintains that neither English nor TWCC has standing to seek affirmative relief for English, on the ground that the interests of English and TWCC are "independently divergent." Hartford, however, presents no authority in support of its position. An intervening party has the status of a plaintiff. *First Heights Bank FSB v. Gutierrez,* 852 S.W.2d 596, 618 (Tex.App.—Corpus Christi 1993, writ denied). Unless the intervention is struck, an intervening party is a party for all purposes. *Brook v. Brook,* 865 S.W.2d 166, 172 (Tex.App.—Corpus Christi 1993), *aff'd,* 881 S.W.2d 297 (Tex.1994). TWCC intervened pursuant to Section 410.254 of the Texas Labor Code, which reads: "On timely motion initiated by the executive director, the commission shall be permitted to intervene in any judicial proceeding under this subchapter or Subchapter G." TEX. LAB.CODE ANN. § 410.254 (Vernon 1996). Because it is not disputed that TWCC filed a timely motion to intervene, the trial court was required to grant the intervention. *See ESIS, Inc. Servicing Contractor v. Johnson,* 908 S.W.2d 554, 563 (Tex.App.—Fort Worth 1995, writ denied). No "justiciable interest" requirement applies to such an intervention.[7] *Id.* To the extent, therefore, that Hartford is challenging the discretion of the trial court to have allowed TWCC's intervention, we hold that the court did not abuse its discretion. Hartford's crosspoint is overruled.

Accordingly, the judgment of the trial court is reversed and we render Hartford's cause of action dismissed for want of jurisdiction.

---

7. Even so, TWCC's stated bases for intervention are the administration of workers' compensation law and the protection of its interests as administrator of its "subsequent injury fund." *See* TEX. LAB.CODE ANN. § 403.006 (Vernon 1996).