Bertila CHICAS, Individually and as Beneficiary of Santiago Chicas, Deceased, Appellant

v.

TEXAS MUTUAL INSURANCE COMPANY, Appellee

NO. 01-16-00226-CV

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued May 16, 2017

Thomas R. Phillips, BAKER BOTTS, 98 San Jacinto Blvd., Suite 1500, Austin, TX 78701, Terry Bryant, Steve Waldman, TERRY BRYANT PLLC, 8584 Katy Freeway, Suite 100, Houston, TX 77024, Lisa Bowlin Hobbs, Kurt Kuhn, KUHN HOBBS PLLC, 3307 Northland Drive, Suite 310, Austin, TX 78731, for Appellant.

R. Scott Placek, Scott K. Arnold, Kyle M. Jones, Jonathan Chaltain, ARNOLD & PLACEK, P.C., 203 East Main Street, Suite 201, Round Rock, TX 78664, Mary B. Nichols, Shannon S. Pounds, TEXAS MUTUAL INSURANCE CO., 6210 East Highway 290, Austin, TX 78723-1098, for Appellee.

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

## OPINION

Sherry Radack, Chief Justice

The trial court granted Texas Mutual Insurance Company's plea to the jurisdiction and dismissed Bertila Chicas's suit for judicial review because it was not filed within 45 days of a final decision by the Division of Workers' Compensation ["DWC"].[1] In so ruling, the trial court necessarily concluded that the 45-day time limit for filing a suit for judicial review is a jurisdictional, statutory prerequisite. Because we disagree, we reverse the judgment and remand for further proceedings.

## BACKGROUND

Santiago Chicas was cleaning the rain gutters at the home of his employer's pres-

---

1. *See* TEX. LAB. CODE ANN. § 410.252(a) (West 2015) ("A party may seek judicial review by filing suit not later than the 45th day after the date on which the division mailed the party the decision of the appeals panel.").

ident when he fell from a ladder and died. His widow, Bertila, filed a claim for death benefits and, when Texas Mutual disputed the claim, she initiated a proceeding before the DWC to resolve the issue. She also filed a wrongful death action in Harris County Probate Court Number 2.

After several hearings, the DWC found that Santiago was not in the course and scope of his employment at the time of his accident and denied Bertila's claim for benefits. Bertila filed a request for a review by the appeals panel, which ultimately rejected her claim and issued a notice that the hearing officer's decision was final on January 5, 2015. In accordance with Texas Labor Code Section 410.252(a), the notice provided:

> If you are not satisfied with this decision and desire to have the dispute resolved in court, then you must file a lawsuit in the appropriate district court not later than the 45th day after the date on which the Division of the Workers' Compensation mailed the parties the decision of the Appeals Panel....

On February 4, 2015—within the 45-day time limit for initiating a suit for judicial review—Bertila amended her petition in the probate court to assert also her claim for judicial review of the DWC's decision. Five months later, Texas Mutual filed a plea to the jurisdiction in the probate court, which the probate court granted on October 15, 2015.[2]

On October 27, 2015—twelve days after the probate court dismissed her judicial review claims—Bertila refiled those claims in Harris County District Court. Texas Mutual filed a plea to the jurisdiction, arguing that the 45-day deadline for judicial review was jurisdictional. Bertila responds that the 45-day deadline is not jurisdictional, and because it is not jurisdictional, the tolling statute found in section 16.064 of the Civil Practices and Remedies Code[3] applies and makes her filing in district court timely.

The trial court granted Texas Mutual's plea to the jurisdiction, dismissed Bertila's judicial review claims, and this appeal followed.

## PROPRIETY OF DISMISSAL FOR WANT OF JURISDICTION

Texas Mutual contends that the 45-day deadline for seeking judicial review set forth in section 410.252(a) is jurisdictional. The trial court agreed and granted Texas Mutual's plea to the jurisdiction. In her sole issue on appeal, Bertila contends "[t]he trial court erred in dismissing [her] judicial review claims because the 45-day deadline was tolled while the claims were pending in probate court." Texas Mutual responds that, because the 45-day deadline is jurisdictional, it cannot be tolled by section 16.064 of the Civil Practices and Remedies Code.

Bertila's present suit was admittedly filed more than 45 days after the DWC's

---

2. Whether the probate court had jurisdiction and the propriety of its dismissal is not an issue in this appeal.

3. Section 16.064 of the Texas Civil Practices and Remedies Code Provides:
   (a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
   (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.
   TEX. CIV. PRAC. & REM. CODE ANN. § 16.064(a) (West 2015)

decision became final; but, if the 45-day deadline is not jurisdictional and was tolled while her judicial review claims were pending in probate court, then her suit for judicial review would be timely. Thus, the issue presented to this Court is whether the 45-day deadline for filing claims for judicial review of a final DWC decision is a jurisdictional, statutory prerequisite to asserting those claims in district court.

### Standard of Review

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). The existence of subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We do not look to the merits of the plaintiff's case, but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554; *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304, 308 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). In reviewing a jurisdictional ruling, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept factual allegations as true. *Miranda*, 133 S.W.3d at 226. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 228.

### Is section 410.252(a)'s 45-day deadline for seeking judicial review jurisdictional?

#### A. Kazi and In re USAA

Prior to 2000, cases routinely held that the deadline for seeking judicial review was both mandatory and jurisdictional because it was a statutory prerequisite to filing suit. *E.g., Tex. Workers' Comp. Comm'n v. Hartford Accident & Indem.* *Co.*, 952 S.W.2d 949, 952 (Tex. App.—Corpus Christi 1997, pet. denied) (citing *Morales v. Emp'rs Cas. Co.*, 897 S.W.2d 866, 868 (Tex. App.—San Antonio 1995, writ denied)); *Boone v. St. Paul Fire & Marine Ins. Co.*, 968 S.W.2d 468, 470 (Tex. App.—Fort Worth 1998, pet. denied); *Benavidez v. Travelers Indem. Co. of Conn.*, 960 S.W.2d 422, 424 (Tex. App.—Austin 1998, no pet.).

However, in 2000, the Texas Supreme Court overruled prior authority, which had held that the failure to comply with statutory prerequisites was always jurisdictional. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (overruling *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1087 (1926)). In *Kazi*, the supreme court considered the jurisdictional nature of a statutory requirement that, in wrongful death suits involving the death of a citizen in a foreign county, the foreign county have "equal treaty rights" with the United States. *Id.* at 73–74. The supreme court noted that classifying a matter as jurisdictional "opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment[,]" and overruled prior case law to the contrary "to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." *Id.* at 76. Instead, "[t]he right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it." *Id.* at 76–77.

Since *Kazi* was decided, the supreme court has been "reluctant to conclude that a provision is jurisdictional, absent clear legislative intent to that effect." *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009). Indeed, ten years later, the supreme

court reiterated its commitment to the holding in *Kazi*. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308–10 (Tex. 2010) (hereafter, ["*In re USAA*"]). In *In re USAA*, the court reconsidered whether a two-year deadline for filing suit under the Texas Commission on Human Rights Act ["TCHRA"] was jurisdictional in light of its holding in *Kazi*. *Id.* at 305–10. In evaluating the jurisdictional nature of the statute, the court considered the statutory language, the statute's purpose, and the consequences of each interpretation. *Id.* The court concluded that the two-year deadline for filing suit under the TCHRA was not jurisdictional, and overruled prior case law to the contrary. *Id.* at 310.

*B. Cases interpreting section 410.252(a) since Kazi and In re USAA*

Since *Kazi*, the appellate courts have been inconsistent in their holdings regarding whether section 410.252(a) is jurisdictional, and few have discussed it since *In re USAA* was decided.

Several courts—including this Court—have followed cases declaring section 410.252(a)'s deadline as jurisdictional without discussing whether such an interpretation remains valid in light of *Kazi*. *E.g., Davis v. Am. Cas. Co. of Reading, Pa.*, 408 S.W.3d 1, 6 (Tex. App.—Amarillo 2012, pet. denied); *Fire & Cas. Ins. Co. of Conn. v. Miranda*, 293 S.W.3d 620, 624–25 (Tex. App.—San Antonio 2009, no pet.); *LeBlanc v. Everest Nat'l Ins. Co.*, 98 S.W.3d 786, 787 (Tex. App.—Corpus Christi 2003, no pet.); *Argonaut Sw. Ins. Co. v. Walker*, 64 S.W.3d 654, 657 (Tex. App.—Texarkana 2001, pet. denied); *Johnson v. United Parcel Serv.*, 36 S.W.3d 918, 921 (Tex. App.—Dallas 2001, pet. denied); *DeVore v. Am. Mfr.'s Mut. Ins. Co.*, No. 01-07-00495-CV, 2008 WL 2611886, at *2 (Tex. App.—Houston [1st Dist.] June 27, 2008, no pet.) (mem. op.).

Other courts—including this Court—have recognized that the *Kazi* opinion calls into question the continued interpretation of section 410.252(a) as jurisdictional, but do not reach the issue. *E.g., Beaumont Indep. Sch. Dist. v. Parkerson*, 105 S.W.3d 761, 762 n.1 (Tex. App.—Beaumont 2003, no pet.) ("We do not determine the validity of [the assertion that section 410.252(a) is jurisdictional] as it is not necessary to the disposition of this appeal but note that since *Dubai Petroleum Co. v. Kazi* . . ., it is questionable."); *Baldwin v. Zurich Am. Ins. Co.*, No 03-14-00457-CV, 2016 WL 2907939, at *2 (Tex. App.—Austin May 10, 2016, pet. denied) (mem. op.) ("Because Baldwin does not argue that Zurich's plea to the jurisdiction was an inappropriate vehicle for challenging the timeliness of her filing, we will assume that it is a jurisdictional issue."); *Morales v. Travelers Indem. Co. of Conn.*, No. 01-14-00429-CV, 2014 WL 7340374, at *2 (Tex. App.—Houston [1st Dist.] Dec. 18, 2014, pet. denied) (mem. op.) ("Morales does not challenge the use of a plea to the jurisdiction to defeat his admittedly late-filed appeal either."); *Wiley v. Am. Zurich Ins. Co.*, No. 01–13–00345–CV, 2014 WL 173423, at *2–3 (Tex. App.—Houston [1st Dist.] Jan. 16, 2014, pet. denied) (mem. op.) ("[W]iley does not challenge American Zurich's filing of a plea to the jurisdiction as the appropriate vehicle for American Zurich to challenge the timeliness of his filing. Thus, we review the trial court's order as a jurisdictional plea."); *Ins. Co. of Penn. v. Flores*, No. 14-05-00346-CV, 2006 WL 1140388, at *1 n.1 (Tex. App.—Houston [14th Dist.] Apr. 27, 2006, no pet.) (mem. op.) ("[W]e need not determine whether the [ ] filing deadline is jurisdictional because the record lacks sufficient evidence to establish whether Flores filed his petition within that deadline.").

The Fort Worth Court of Appeals has held that section 410.252(a) *is* jurisdiction-

al, and that *Kazi* does not change that result because *Kazi* was not a worker's compensation case and did not involve the failure to timely file suit following an administrative proceedings. *See Tex. Mun. League Intergov'tal Risk Pool v. Burns,* 209 S.W.3d 806, 821 (Tex. App.—Fort Worth 2006, no pet.). In so holding, the *Burns* court relied on *Leblanc* and *Johnson,* neither of which addressed *Kazi,* as well as several pre-*Kazi* cases. *Id.*

Finally, the Waco Court of Appeals has held that section 410.252(a) is *not jurisdictional,* a conclusion it reached after applying *Kazi* and deciding that the time period for filing suit was a limitations period, not a jurisdictional requirement because it did not "define[ ], enlarge[ ], or restrict[ ] the class of causes the [trial] court may decide or the relief that may be awarded." *Tex. Dept. of Transp. v. Beckner,* 74 S.W.3d 98, 103 (Tex. App.—Waco 2002, no pet.) (quoting *Sierra Club v. Tex. Nat. Res. Conservation Comm'n,* 26 S.W.3d 684, 687 (Tex. App.—Austin 2000), *aff'd,* 70 S.W.3d 809 (Tex. 2002)).

### C. Analysis

While the cases discussed above do not resolve the issue, they do suggest factors that this Court should consider, including (1) the statutory language, (2) the statute's purpose, (3) the consequences of each interpretation, and (4) whether the statute defines, enlarges, or restricts the class of causes the trial court may decide or the relief that it may award.

### 1. Statutory language

Section 410.252(a) provides in its entirety:

Time for Filing Petition; Venue

A party may seek judicial review by filing suit not later than the 45th day after the date on which the division mailed the party the decision of the appeals panel. For purposes of this section, the mailing date is considered to be the fifth day after the date the decision of the appeals panel was filed with the division.

TEX. LAB. CODE ANN. § 410.252(a). We agree with Bertila that the statute's language does not indicate that it is intended to be jurisdictional. We begin with the presumption that the provision is not jurisdictional; a presumption that can only be overcome by clear legislative intent to the contrary. *See In re USAA,* 307 S.W.3d at 307. While the time for filing the petition is certainly mandatory, there is no jurisdictional language in the statute. The title provides a "Time for Filing Petition," and the statute provides the time as "the 45th day" after the division mails the appeals panel's decision, but neither indicates that compliance with the deadline affects the district court's subject-matter jurisdiction.

Indeed, other deadlines for filing suit that are jurisdictional show an explicit intent to make them jurisdictional. For example, Texas Rule of Appellate Procedure 26.1 provides that, absent certain circumstances, a notice of appeal to the court of appeals in a civil case must be filed within 30 days after the judgment is signed, and Texas Rule of Appellate Procedure 25.1(b) makes it clear that "[t]he filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from." *See* TEX. R. APP. P. 26.2, 25.1(6). Thus, the jurisdictional nature of the notice of appeal is made clear in the rules.

The federal Longshore Harbor and Workers' Compensation Act, relied on here by Texas Mutual, provides a *jurisdictional* 60-day filing deadline to challenge a decision of the Benefit Review Board. *See* 33 U.S.C. § 921(c). However, that statute also provides that "[u]pon such filing, *the court shall have jurisdiction* of the pro-

ceeding and shall have the power to give a decree affirming, modifying, or setting aside, in whole or in part, the order of the Board and enforcing same to the extent that such order is affirmed or modified." *Id.* (emphasis added). Thus, the federal Longshore Harbor and Workers' Compensation Act, unlike the statute here, explicitly indicates that compliance with the deadline for filing is necessary to invoke the trial court's jurisdiction.

Finally, we consider *Prairie View A & M Univ. v. Chatha,* 381 S.W.3d 500, 510–15. (Tex. 2012). In *Chatha,* the plaintiff failed to comply with a 180-day filing requirement for bringing suit under the TCHRA. *Id.* at 504. The supreme court concluded that the plaintiff's suit was untimely, but went on to discuss whether failure to comply with the time limit for filing suit was a jurisdictional bar. *Id.* at 510. The court acknowledged that in *Kazi,* and a subsequent case, *Univ. of Tx. Sw. Med Ctr. at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 359 (Tex. 2004), the court had held that statutory prerequisites were not jurisdictional, even in suits against the government. *Id.* at 511. The supreme court then acknowledged that the Legislature had effectively overruled *Kazi* and *Loutzenhiser* in suits against the government by passing a statute that stated: "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional in all suits against a governmental entity." *Id.* (citing TEX. GOV'T CODE ANN. § 311.034 (West 2013)). Thus, the court concluded that "a statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit) is jurisdictional when the defendant is a governmental entity." *Id.* at 515.

What is made clear from *Chatha* is that, had the Legislature not passed Government Code section 311.034 making all stat-

utory prerequisites jurisdictional in suits against the government, *Kazi* would have applied and the deadline for filing suit would have been non-jurisdictional.

Unlike *Chatha,* this is not a suit against the government, and there is nothing in the language of the statute to indicate that the deadline for filing suit is jurisdictional.

### 2.    The statute's purpose

Texas Mutual points out that "a key purpose of the Act is to provide for the prompt resolution of disputes and payment of [worker's compensation] benefits[,]" and that "[t]he prompt resolution of disputes is not served by allowing parties aggrieved by a DWC decision ... to strategically forum-shop their petitions for judicial review and, if unsuccessful, to re-file them in the appropriate court long after the 45-day deadline."

However, Bertila argues that the 45-day deadline is mandatory, even if it is not jurisdictional, and an unappealed from DWC order is just as final regardless of whether it is jurisdictional or not. If a suit for judicial review is untimely, it would presumably be disposed of by summary judgment rather than a plea to the jurisdiction if the statute is not jurisdictional.

### 3.    The consequences of each interpretation

Texas Mutual argues that "holding the deadline to be non-jurisdictional would have far-reaching consequences outside of the applications of [the tolling provision] in section 16.064." Specifically, Texas Mutual points out that amended petitions might "relate back" to the initial "untimely" filed suit for judicial review. However, as stated earlier, the 45-day deadline is mandatory, even if not jurisdictional.

Texas Mutual also argues that if the deadline is not jurisdictional, treatment for

the injured workers might be delayed because "providers simply will not provide treatment until compensability and extent-of-injury issues are decided." However, judicial review, by its very nature may delay treatment, but the Legislature nonetheless chose to provide such a review. Whether the deadline for filing the judicial review is jurisdictional or not does not change that. The suit must still be timely, even though the timeliness does not affect jurisdiction, but merely the plaintiff's right to proceed with the suit.

Texas Mutual contends that the "uniquely strict procedure of the workers' compensation scheme and the exclusive powers afforded the DWC" require that we construe the 45-day deadline as jurisdictional. While we do not dispute this characterization of the worker's compensation scheme in Texas, we do not believe that it compels us to hold the 45-day deadline to be jurisdictional. In fact, in *Kazi*, the supreme court expressly overruled *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (1926), a worker's compensation case, which had held that the predecessor statute to section 410.252(a) was jurisdictional. *Kazi*, 12 S.W.3d at 76–77 ("We therefore overrule *Mingus* to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional."). *Kazi's* overruling of *Mingus* is certainly support for Bertila's contention that *Kazi* applies even in the context of worker's compensation cases.

■ Bertila points out, and we agree, that making the 45-day deadline jurisdictional is an even greater threat to finality of a DWC decision because "a judgment is void if rendered by a court without subject matter jurisdiction." *In re USAA*, 307 S.W.3d at 309–10 (citing *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990)). Thus, trial courts that erroneously proceed

to judgment without jurisdiction in a suit for judicial review "would forever have their judgments open to reconsideration." *Id.* This is precisely the threat to finality that *Kazi* sought to end.

4. Whether the statute defines, enlarges, or restricts the class of causes the trial court may decide or the relief that it may award.

■ Finally, we agree with the *Beckner* court that the 45-day deadline for filing judicial review claims is a statute of limitations, not a jurisdictional requirement, and, as such, it does not define, enlarge, or restrict the class of cases the trial court may decide or the relief that it may award. *See Beckner*, 74 S.W.3d at 103.

5. Summary

After considering (1) the statutory language, (2) the statute's purpose, (3) the consequences of each interpretation, and (4) whether the statute defines, enlarges, or restricts the class of causes the trial court may decide or the relief that it may award, we conclude that, while the 45-day deadline for filing judicial review claims is mandatory, it is not jurisdictional.

**CONCLUSION**

■ Texas Mutual's plea to the jurisdiction is entirely premised on the assumption that the tolling provision found in section 16.064 does not apply to statutory prerequisites that are jurisdictional, and that the 45-day deadline for filing judicial review claims is jurisdictional. However, we hold that the 45-day deadline for filing judicial review claims found in section 410.252(a) of the Labor Code is not jurisdictional. Therefore, the trial court erred in granting Texas Mutual's plea to the

jurisdiction.[4]

Accordingly, we reverse the judgment of the trial court and remand for further proceedings.

---

4.  Having decided that section 410.252(a) of the Labor Code is not jurisdictional, we do not decide now whether Bertila's judicial review claims are timely, i.e., whether the tolling provision in section 16.064 of the Civil Practices & Remedies Code applies. *See* Tex. R. App. P. 47.1. As an affirmative defense, this limitations issue is properly left for resolution by way of a motion for summary judgment filed by Texas Mutual, if necessary. However, we note that in *In re USAA*, the supreme court held that the tolling statute was properly applied to a similar non-jurisdictional time limit for filing suit. *In re USAA*, 307 S.W.3d at 311.