# IN THE SUPREME COURT OF TEXAS

No. 17-0501

TEXAS MUTUAL INSURANCE COMPANY, PETITIONER,

v.

BERTILA CHICAS, INDIVIDUALLY AND AS BENEFICIARY OF
SANTIAGO CHICAS, DECEASED, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS

**Argued January 22, 2019**

JUSTICE BROWN delivered the opinion of the Court.

JUSTICE BUSBY did not participate in the decision.

In this case we consider whether the 45-day deadline to seek judicial review of a decision by a Division of Workers' Compensation appeals panel is jurisdictional. The trial court granted a defendant's plea to the jurisdiction and dismissed a judicial-review claim that had been filed after the 45-day deadline. The court of appeals reversed, holding that while the 45-day deadline is mandatory, it is not jurisdictional. For the reasons below, we agree with the court of appeals and affirm.

## I

On March 17, 2012, Santiago Chicas was doing yard work at the home of Peyton Waters, Jr., when he fell from a ladder and sustained fatal injuries. Waters was the majority owner of

Spartan Equipment and Supply, Inc., where Santiago was employed. Santiago's wife, Bertila Chicas (Chicas), sought workers' compensation benefits from Spartan Equipment's insurer, Texas Mutual Insurance Company. After Texas Mutual disputed the claim, Chicas initiated administrative proceedings to resolve the issue at the Texas Department of Insurance, Division of Workers' Compensation.

During the administrative proceedings, a hearing officer concluded after a contested-case hearing that Santiago was not an employee of Spartan Equipment at the time of his injury and therefore his injury was not compensable. Chicas appealed the hearing officer's determinations to an appeals panel. On January 5, 2015, the Division notified Chicas that after review by the panel, the hearing officer's decision and order was final. The notice also stated, consistent with Texas Labor Code section 410.252(a), that "[i]f you are not satisfied with this decision and desire to have the dispute resolved in court, then you must file a lawsuit in the appropriate district court <u>not later than the 45th day after the date on which the Division of Workers' Compensation mailed the parties the decision</u>."

Meanwhile, while the administrative proceedings were still pending, Chicas had filed a wrongful-death suit in probate court against Spartan Equipment and others. On February 4, 2015, well within the 45-day deadline to seek review of the appeals-panel decision, Chicas amended her probate-court pleadings to add Texas Mutual as a defendant, seeking judicial review of the administrative decision. Six months later, Texas Mutual filed a plea to the jurisdiction and argued that the probate court could not exercise jurisdiction over a judicial review that had no relationship to the administration of an estate. The probate court granted Texas Mutual's plea.

Twelve days after the probate court dismissed her claims, Chicas again filed suit against Texas Mutual but in district court, "seek[ing] judicial review of the Appeals Panel Decision." Texas Mutual filed another plea to the jurisdiction, asserting (1) that the 45-day deadline to seek judicial review of an appeals-panel decision is jurisdictional and (2) because Chicas filed suit in the district court after the deadline had passed, that court lacked jurisdiction. The district court granted Texas Mutual's plea to the jurisdiction and dismissed Chicas's claims against it in their entirety.

Chicas appealed. The court of appeals reversed, holding that the 45-day deadline for filing judicial-review claims in section 410.252(a) is not a jurisdictional statutory prerequisite. 522 S.W.3d 67, 68 (Tex. App.—Houston [1st Dist.] 2017). Therefore, it concluded that the trial court erred in granting Texas Mutual's plea to the jurisdiction. *Id.* at 74–75. The court did not address whether Chicas's claims were timely, noting that the limitations issue was properly left for resolution by way of a motion for summary judgment. *Id.* at 75 n.4. We granted Texas Mutual's petition for review. It is undisputed that Chicas filed suit in district court after the 45-day deadline had passed. So, we must determine whether Chicas's failure to file suit before the deadline deprived the district court of jurisdiction. *See City of DeSoto v. White*, 288 S.W.3d 389, 395 (Tex. 2009) ("The failure of a jurisdictional requirement deprives the court of the power to act . . . ." (quoting *Univ. of Tex. Sw. Med. Ctr. at Dall. v. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex. 2004)).

**II**

**A**

The parties agree the 45-day deadline to seek judicial review of an appeals-panel decision is mandatory, but "just because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional." *Id.* at 395 (quoting *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999)). Nearly a century ago, we held that where a cause of action is derived from a statute, including a suit challenging a workers' compensation award, "strict compliance with all statutory prerequisites is necessary to vest a trial court with jurisdiction." *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 510 (Tex. 2012) (citing *Mingus v. Wadley*, 285 S.W. 1084, 1087 (Tex. 1926)). This remained the law for decades and, consistent with *Mingus*, multiple courts of appeals treated the statutory deadline for seeking judicial review of an appeals-panel decision as mandatory and jurisdictional. *See, e.g.*, *Tex. Workers' Comp. Comm'n v. Hartford Accident & Indem. Co.*, 952 S.W.2d 949, 952 (Tex. App.—Corpus Christi–Edinburg 1997, pet. denied); *Adkins v. Ector Cty. Indep. Sch. Dist.*, 969 S.W.2d 142, 143 (Tex. App.—El Paso 1998), *pet. denied*, 989 S.W.2d 363 (Tex. 1999) (per curiam); *Morales v. Emp'rs Cas. Co.*, 897 S.W.2d 866, 868 (Tex. App.—San Antonio 1995, writ denied).

But in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000), we identified concerns with the approach to subject-matter jurisdiction that we set out in *Mingus*. We recognized that although *Mingus* was consistent with the dominant approach at the time it was decided, "the modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction." *Id.* at 76 (quoting RESTATEMENT (SECOND) OF

JUDGMENTS § 11 cmt. e, at 113 (1982)). We overruled *Mingus* "to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." *Id.*

Following *Dubai*, in *In re United Services Auto Ass'n*, 307 S.W.3d 299, 304 (Tex. 2010) [hereafter, *USAA*], we analyzed another statutory deadline for filing suit to determine whether it was jurisdictional. The plaintiff in that case timely filed a discrimination claim under the Texas Commission on Human Rights Act in county court. *Id.* at 304. That court entered judgment for him, but we vacated it because the amount in controversy exceeded the county court's jurisdictional limit. *Id.* at 305. The plaintiff re-filed suit in district court and the defendant filed a plea to the jurisdiction, asserting that the plaintiff failed to file suit within the two-year deadline as provided for in the Act. *Id.* at 305. We explained that after *Dubai*, "we have been 'reluctant to conclude that a provision is jurisdictional, absent clear legislative intent to that effect.'" *Id.* at 306 (quoting *City of DeSoto*, 288 S.W.3d at 393). We examined the statutory language of the Act, noting that we presume the Legislature did not intend to make a provision jurisdictional and that this presumption can only be overcome with clear contrary legislative intent. *Id.* at 307. After considering the language of the statute, *Dubai* and subsequent cases, and the purpose of the Act, we concluded that the two-year period for filing suit was mandatory but not jurisdictional. *Id.* at 310.

As the court of appeals in this case noted, after *Dubai* and *USAA*, some courts of appeals continued to hold that the 45-day deadline to file suit under section 410.252(a) is jurisdictional without applying the *USAA* analysis to decide the issue. 522 S.W.3d at 71 (citing *Davis v. Am. Cas. Co.*, 408 S.W.3d 1, 6 (Tex. App.—Amarillo 2012, pet. denied); *Fire & Cas. Ins. Co. v. Miranda*, 293 S.W.3d 620, 624–25 (Tex. App.—San Antonio 2009, no pet.); *LeBlanc v. Everest*

5

*Nat'l Ins. Co.*, 98 S.W.3d 786, 787 (Tex. App.—Corpus Christi 2003, no pet.); *Argonaut Sw. Ins. Co. v. Walker*, 64 S.W.3d 654, 657 (Tex. App.—Texarkana 2001, pet. denied); *Johnson v. United Parcel Serv.*, 36 S.W.3d 918, 921 (Tex. App.—Dallas 2001, pet. denied); *DeVore v. Am. Mfr.'s Mut. Ins. Co.*, No. 01-07-00495-CV, 2008 WL 2611886, at *2 (Tex. App.—Houston [1st Dist.] June 27, 2008, no pet.) (mem. op.)). Texas Mutual agrees with this approach and asserts that *Dubai* and *USAA* are not controlling here because they do not involve judicial-review appeals from administrative rulings. We disagree. In *City of DeSoto*, 288 S.W.3d at 394, we rejected a claim that the reasoning in *Dubai* did not apply in the case of an appeal to a hearing examiner. We explained that even though *Dubai* dealt with a court of general jurisdiction, the focus post-*Dubai* is to strengthen the finality of judgments and reduce the possibility of delayed attacks. *Id.* We concluded that this focus also applied to decisions and judgments of a hearing examiner. *Id.* We see no reason that this focus should also not apply to judicial appeals from administrative rulings. *See also USAA*, 307 S.W.3d at 306–07 (discussing various statutory requirements in different types of suits that the Court has analyzed under *Dubai* to determine whether they are jurisdictional).

Turning to the statutory requirement in this case, we presume the Legislature did not intend the 45-day filing deadline to be jurisdictional, but "[t]o determine whether a statutory requirement is jurisdictional, we apply statutory interpretation principles." *City of DeSoto*, 288 S.W.3d at 394. We may consider: (1) the plain meaning of the statute, (2) whether the statute contains specific consequences for noncompliance, (3) the purpose of the statute, and (4) the consequences that would result from each construction. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 392 (Tex. 2014) (citing *City of DeSoto*, 288 S.W.3d at 395; *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 495 (Tex. 2001)). Looking to the statutory language, it provides:

**Time for Filing Petition; Venue**

(a) A party may seek judicial review by filing suit not later than the 45th day after the date on which the division mailed the party the decision of the appeals panel. For purposes of this section, the mailing date is considered to be the fifth day after the date the decision of the appeals panel was filed with the division.

(b) The party bringing suit to appeal the decision must file a petition with the appropriate court in:
    (1) the county where the employee resided at the time of the injury or death, if the employee is deceased . . . .

Tex. Lab. Code § 410.252.

We agree with the court of appeals that there is no explicit language in this statute that indicates the Legislature clearly intended the 45-day deadline in subsection (a) to be jurisdictional—it does not refer to the trial court's jurisdiction in any way. *But cf.* Tex. Gov't Code § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are *jurisdictional* requirements . . . ." (emphasis added)). Texas Mutual asserts that we should not consider just the provision itself, but we should consider the context of the entire Workers' Compensation Act. *See Helena Chem.*, 47 S.W.3d at 493 (construing a statute to determine whether it was mandatory and noting "we must always consider the statute as a whole rather than its isolated provisions"). Texas Mutual points to other provisions in the Labor Code that it claims show the Legislature intends to excuse strict compliance with statutory requirements only when it specifically provides express savings provisions. *See* Tex. Lab. Code § 409.002 (providing that failure to notify an employer of an injury as required by statute relieves the employer's liability except in certain enumerated circumstances); *id.* § 409.008 (providing that the deadline to file a claim does not begin to run in certain instances). We disagree that these provisions indicate an intent for section 410.252(a) to be jurisdictional. Even if we could read the lack of a savings clause in section 410.252(a) to indicate that the Legislature intended strict compliance with the 45-day

deadline, strict compliance does not equate to a jurisdictional requirement. *See City of DeSoto*, 288 S.W.3d at 395 ("[J]ust because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional."). We do not see the lack of a savings clause as clear legislative intent to overcome the presumption that the requirement is not jurisdictional. *See id.* at 394.

Texas Mutual also points to subsections (c) and (d) of section 410.252 to support its claim that the filing deadline is jurisdictional. Those subsections provide:

> (c) If a suit under this section is filed in a county other than the county described by Subsection (b), the court, on determining that it does not have jurisdiction to render judgment on the merits of the suit, shall transfer the case to a proper court in a county described by Subsection (b). Notice of the transfer of a suit shall be given to the parties. A suit transferred under this subsection shall be considered for all purposes the same as if originally filed in the court to which it is transferred.

> (d) If a suit is initially filed within the 45-day period in Subsection (a), and is transferred under Subsection (c), the suit is considered to be timely filed in the court to which it is transferred.

TEX. LAB. CODE § 410.252. Texas Mutual relies on the language providing that if a suit is filed in the wrong county, the court "on determining that it does not have jurisdiction to render judgment . . . shall transfer the case to a proper court" to claim that such a court does not have jurisdiction over the case. It notes that the Legislature conferred limited jurisdiction on those courts only to transfer to the proper county, but chose not to include a similar savings clause for an untimely filing. This, Texas Mutual argues, shows an intent that the filing deadline be considered jurisdictional.

Again, we disagree. In *Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 516 n.1 (Tex. 2007), we noted that although the Legislature provided in subsection (c) that when suit is filed in the wrong county the court may determine that it "does not have jurisdiction," the Legislature

clearly did not mean subject-matter jurisdiction because it provided for transfer as a remedy rather than dismissal. If the Legislature did not intend for the requirement regarding *where* suit is to be filed to be jurisdictional, we do not see clear legislative intent for the requirement regarding *when* suit is to be filed to be jurisdictional.

Further, the lack of a savings clause in section 410.252(a) brings us to another consideration for determining whether a statutory requirement is jurisdictional—whether the statute contains specific consequences for noncompliance. "If a provision requires that an act be performed within a certain time without any words restraining the act's performance after that time, the timing provision is usually directory." *Helena Chem.*, 47 S.W.3d at 495. And when a statute does not require dismissal for failure to comply, this weighs in favor of a finding that it is not jurisdictional. *Id.* ("If the Legislature had intended dismissal to be the consequence of a failure to hear a forfeiture case within the prescribed period, it could easily have said so." (quoting *State v. $435,000*, 842 S.W.2d 642, 644 (Tex. 1992))).

We next consider the purpose of the statute. Texas Mutual points to the purposes of the Workers' Compensation Act—to provide prompt resolution of disputes and payment of benefits and "speed up the time for the entire dispute resolution process." *See Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 440 (Tex. 2012). Chicas points to the Act's purpose of "compensating injured workers and their dependents." *See Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999). Treating the deadline in section 410.252(a) as mandatory and not jurisdictional would not frustrate any of those purposes. While Texas Mutual claims that if the statutory deadline is not jurisdictional and a party may seek judicial review "long after the agency determination is final," a defendant may still challenge a late-filed petition even if the deadline is not jurisdictional. *See City of DeSoto*,

9

288 S.W.3d at 393 (noting that consequences may flow from a party's failure to comply with a non-jurisdictional requirement when timely asserted).

Next, we consider the consequences that result from each construction. If the 45-day deadline is jurisdictional, this would leave final judgments vulnerable to attack on the ground that the deadline was not met. "It is preferable to 'avoid a result that leaves the decisions and judgments of [a tribunal] in limbo and subject to future attack, unless that was the Legislature's clear intent.'" *USAA*, 307 S.W.3d at 310 (quoting *City of DeSoto*, 288 S.W.3d at 394). Texas Mutual asserts that if the deadline is not jurisdictional and the tolling provision in the Civil Practice and Remedies Code is applied to judicial-review actions, this could potentially delay final compensability decisions. *See* TEX. CIV. PRAC. & REM. CODE § 16.064(a) (providing that "[t]he period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations" in certain situations). As explained below, we do not decide today whether section 16.064 applies in this case. However, the Legislature provided for judicial review and also provided that if a judicial-review suit is filed in the wrong county, the suit shall be transferred and considered timely filed. TEX. LAB. CODE § 410.252(c)–(d). The Legislature anticipated these potential delays in final compensability decisions and the deadline not being jurisdictional does not alter them.

In addition to the above factors, Texas Mutual also urges us to consider "whether the statute defines and restricts the class of cases a district court may hear." This factor was addressed in *Sierra Club v. Tex. Nat. Res. Conservation Comm'n*, 26 S.W.3d 684, 688 (Tex. App.—Austin 2000), *aff'd on other grounds*, 70 S.W.3d 809 (Tex. 2002), in which the court of appeals concluded that because the statutes at issue did not "define, enlarge, or restrict the class of causes the court

may decide or the relief that may be awarded," a failure to comply with the statutory requirements was not jurisdictional. *Id.* Other courts of appeals, including the court in this case, have followed *Sierra Club* and recognized this as a consideration when determining whether a statutory requirement is jurisdictional. 522 S.W.3d at 72; *see, e.g.*, *Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 838 (Tex. App.—Austin 2003, pet. denied); *Tex. Dep't of Transp. v. Beckner*, 74 S.W.3d 98, 103 (Tex. App.—Waco 2002, no pet.). However, we decline to consider factors other than those set out in our precedent. *See Crosstex Energy*, 430 S.W.3d at 392 (citing *City of DeSoto*, 288 S.W.3d at 395; *Helena Chem.*, 47 S.W.3d at 495).

Finally, Texas Mutual also claims that the deadline is jurisdictional because it is an integral element of the Legislature's carefully crafted workers' compensation dispute-resolution system. We have consistently recognized the workers' compensation system as a "comprehensive statutory scheme." *Liberty Mut. Ins. Co. v. Adcock*, 412 S.W.3d 492, 493 (Tex. 2013); s*ee In re Accident Fund Gen. Ins. Co.*, 543 S.W.3d 750, 752 (Tex. 2017) (per curiam) ("The Workers' Compensation Act 'provides the exclusive procedures and remedies for claims alleging that a workers' compensation carrier has improperly investigated, handled, or settled a workers' claim for benefits.'" (quoting *In re Crawford & Co.*, 458 S.W.3d 920, 923–24 (Tex. 2015))). Texas Mutual claims that the Legislature's clear intent to define the boundaries of the workers' compensation dispute-resolution process indicates that the filing deadline is jurisdictional because it shows an intent to circumscribe judicial-review jurisdiction. But our considerations above take into account the context of the deadline at issue and encompass the Legislature's intent as reflected in the Act. The Legislature has set out multiple specific requirements in the Act. *See, e.g.*, TEX. LAB. CODE § 409.021(a) (requiring an insurance carrier to initiate workers' compensation benefits within 15

days of receiving notice of an injury); § 410.202 (setting out the requirements to appeal the decision of a hearing officer). And while the Legislature did set out a 45-day deadline to seek judicial review, as explained above, nothing in the Act indicates an intent for that deadline to be jurisdictional. *See City of DeSoto*, 288 S.W.3d at 395 ("'Since the Legislature is bound to know the consequences of making a requirement jurisdictional, one must ask, in trying to determine legislative intent, whether the Legislature intended those consequences.'" (quoting *Loutzenhiser*, 140 S.W.3d at 359)).

We conclude that the 45-day deadline to seek review from an appeals-panel decision in section 410.252(a) is not jurisdictional. Multiple courts of appeals have held otherwise. *See Davis v. Am. Cas. Co.*, 408 S.W.3d 1, 6 (Tex. App.—Amarillo 2012, pet. denied); *Fire & Cas. Ins. Co. v. Miranda*, 293 S.W.3d 620, 624–25 (Tex. App.—San Antonio 2009, no pet.); *Tex. Mun. League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 812 (Tex. App.—Fort Worth 2006, no pet.); *LeBlanc v. Everest Nat'l Ins. Co.*, 98 S.W.3d 786, 787 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.); *Johnson v. United Parcel Serv.*, 36 S.W.3d 918, 921 (Tex. App.—Dallas 2001, pet. denied); *Argonaut Sw. Ins. v. Walker*, 64 S.W.3d 654, 657 (Tex. App.—Texarkana 2001, pet. denied); *DeVore v. Am. Mfr.'s Mut. Ins. Co.*, No. 01-07-00495-CV, 2008 WL 2611886, at *2–3 (Tex. App.—Houston [1st Dist.] June 27, 2008, no pet.) (mem. op.). To the extent these cases conflict with our holding in this case, we overrule them.

**B**

Next, Texas Mutual asserts that the court of appeals incorrectly held that the filing deadline in section 410.252(a) "is a statute of limitations" and signaled that the tolling provision of Civil Practice and Remedies Code section 16.064 would apply. 522 S.W.3d at 74 & 75 n.4. Texas

Mutual urges this Court to reverse the court of appeals' statute-of-limitations holding and hold that the Workers' Compensation Act precludes application of procedures outside the Act, such as those in the Civil Practice and Remedies Code. However, as noted by the court of appeals, Texas Mutual's plea to the jurisdiction relied entirely on its argument that the 45-day deadline at issue is jurisdictional. *Id.* at 74. Having decided that issue, we do not decide any others and leave them instead for resolution in the court below. *See City of DeSoto*, 288 S.W.3d at 393 (noting that consequences may flow from a party's failure to comply with a non-jurisdictional requirement).

\* \* \*

The 45-day deadline to file suit for judicial review of an appeals-panel decision in section 410.252(a) of the Labor Code is not jurisdictional. Accordingly, the trial court erred in granting Texas Mutual's plea to the jurisdiction based on Chicas's failure to file suit in district court by the deadline. We affirm the judgment of the court of appeals and remand the case to the trial court for further proceedings consistent with this opinion.

_____
Jeffrey V. Brown
Justice

**OPINION DELIVERED:** April 5, 2019